[Civ. No. 694. Second Appellate District.—January 4, 1910.]

## FRANK X. NEHER, Respondent, v. HOMER A. HANSEN, Appellant.

ACTION FOR DECEIT—PURCHASE OF WORTHLESS STOCK—FALSE REPRESENTATION—REQUESTED INSTRUCTION—EQUAL MEANS OF KNOWLEDGE—INAPPLICABILITY.—In an action for damages for deceit of the defendant inducing the purchase of worthless stock in a corporation by his false representations as to property owned by the corporation, an instruction requested by the defendant that "plaintiff cannot recover unless he was deceived by the alleged representations, and if the means of knowledge are at hand, equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived," was properly refused, where there is a want of evidence tending in the slightest degree to make it applicable, and the property was stated to be located at a great distance.

ID.—STATEMENTS OF FACT BY ONE PRESUMED TO KNOW—ABSENCE OF DUTY OF PLAINTIFF TO INVESTIGATE.—Where the representations made by the defendant consisted of statements of fact by one presumed to possess peculiar and accurate knowledge of the same, no duty devolved upon the plaintiff to make any investigation as to the truth of the statements, the truth of which was unknown to him; but he had the right to rely upon the truth of the representations made in purchasing the stock from him, and the seller thereof cannot escape responsibility by showing that the purchaser might have ascertained that such representations were untrue.

ID.—REQUESTED INSTRUCTION TAKING FACTS FROM JURY—INFORMATION FROM OTHERS.—It was not error to refuse a requested instruction that if plaintiff consulted or received information from others with regard to the property misrepresented, that fact of itself precluded plaintiff's recovery. If such fact existed, it would not follow, as matter of law, that it was of a character to influence him in the purchase; and the giving of the instruction would improperly take from the jury the question as to whether or not plaintiff relied upon the representations made by the defendant, and was thereby induced to buy the stock.

ID.—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTION.—The correct measure of damages for deceit in procuring the purchase of stock from the defendant is the difference between the real value of the stock at the time of the purchase and the price paid therefor, together with interest; and it was error for the court to instruct the jury that the measure of damages is the difference between the price

paid for the stock and what it was actually worth when the suit was brought.

ID.—ERROR NOT PREJUDICIAL—ORDER DENYING NEW TRIAL NOT REVERSIBLE.—An order denying a new trial will not be reversed for mere error in giving an instruction, when it clearly appears that had the jury been correctly instructed as to the law their verdict could not have been otherwise.

ID.—SUPPORT OF VERDICT—VALUELESSNESS OF STOCK.—Where it appears that the stock had no market value, and that the pecuniary condition of the corporation was such that if all of its assets were liquidated, an apportionment thereof to the amount of the outstanding stock would be so insignificantly small that the jury must have found the stock to be worthless at the time when it was purchased, their verdict for the amount paid for it is to be deemed the actual damages sustained, by the fraud alleged and proved; and the error in the instruction as to damages was not prejudicial to the rights of the defendant.

APPEAL from an order of the Superior Court of Los Angeles County, denying a new trial.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

H. T. Morrow, for Respondent.

SHAW, J.—Action to recover damages for alleged false representations made to plaintiff by defendant.   The complaint charges that in August, 1906, the defendant, who was president of a corporation known as the Humboldt Brewing Company, with intent to cheat and defraud plaintiff, represented to him that said corporation then owned a brewery at Eureka, California, together with an ice plant in connection therewith, said property being represented by a picture of a brewery which defendant then exhibited to plaintiff. That said representations were false and untrue, known by defendant to be false and untrue, and were made for the purpose of deceiving plaintiff and inducing him to purchase shares of the capital stock of said corporation; that plaintiff believed the representations to be true, and, relying upon them, was thereby induced to and did purchase .330 shares of said capital stock for which he paid the sum of $1,650. That said corporation did not in fact then own, nor has it

ever owned, a brewery or an ice plant at Eureka, California, or elsewhere. That at the time of the purchase of the stock by plaintiff the same was, and still is, wholly worthless. The prayer of the complaint is to recover damages in the sum of $1,650, being the purchase price paid for the stock. The material allegations of the complaint were denied by the answer. The case was tried before a jury, which returned a verdict in favor of plaintiff, upon which judgment was entered. Defendant's motion for a new trial was denied, and he appeals from the order denying the same.

The court refused to give two instructions requested by defendant and such refusal is assigned as error. The first of these instructions is as follows: "Plaintiff cannot recover in this action unless he was deceived by the alleged representations, and if the means of knowledge are at hand, equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived." In support of his contention appellant cites *Hanscom* v. *Drullard,* 79 Cal. 234, [21 Pac. 736]. It is true that a like instruction was requested by the defendant in that case. The court added the words, "unless he was induced by the trick or misrepresentations of defendant not to make such inspection," and as thus modified gave the same. The point involved was the action of the court in thus modifying the instruction, and its ruling was sustained on appeal. In no event could the instruction as requested be deemed proper under the circumstances disclosed by the record herein. There is a want of evidence tending in the slightest degree to prove that the means of information or knowledge concerning the property, or title thereto, was equally available to both parties, or that the subject of the purchase was equally open to inspection. Moreover, the representations consisted of statements of fact by one presumed to possess peculiar and accurate knowledge of the same. No duty devolved upon plaintiff to make any investigation as to the truth of the statements. As said in *Calmon* v. *Sarraille,* 142 Cal. 638, [76 Pac. 486] : "Even when contracting parties are adverse to each other, either has the right to rely upon an express statement made by the other of an existing fact of which the truth is known to the other and unknown to him." See, also, *Willey* v. *Clements,* 146

Cal. 91, [79 Pac. 850], and *Morris* v. *Courtney*, 120 Cal. 65, [52 Pac. 130], where it is said: "And the seller cannot escape responsibility by showing that the purchaser might have ascertained that such representations were untrue."

There was no error in the court's refusal to instruct the jury to the effect that, if plaintiff consulted with or received information from others in regard to the brewery, such fact of itself precluded plaintiff's recovery. Conceding that plaintiff may have consulted others or received information from others, it would not follow as a matter of law that such information was of a character to influence him in the purchase. Moreover, the giving of such an instruction would take from the jury the determination of the question as to whether or not plaintiff relied upon the representations made by defendant, and was thereby induced to buy the stock.

Upon the measure of damages the court instructed the jury as follows: "If you find for the plaintiff the measure of damages is difference between the price paid by him for the stock purchased and what the stock was actually worth on the fifteenth day of January, 1908, the date this suit was brought, but not in any case exceeding $1,650, the amount claimed in the complaint." The decisions are at variance as to what constitutes the measure of damages in actions to recover for fraud and deceit. The rule contended for by appellant is that the measure of damages in such cases is the difference between the real value of the property at the time of the purchase and the price paid therefor, together with interest. This rule is supported by the highest authority. (*Smith* v. *Bolles*, 132 U. S. 125, [10 Sup. Ct. 39]; *Sigafus* v. *Porter*, 179 U. S. 113, [21 Sup. Ct. 34]; *Rockefeller* v. *Merritt*, 76 Fed. 909, [22 C. C. A. 608]; *Redding* v. *Godwin*, 44 Minn. 355, [46 N. W. 563]; *Hallam* v. *Todhunter*, 24 Iowa, 166; *Hiner* v. *Richter*, 51 Ill. 299; *Cawston* v. *Sturgis*, 29 Or. 331, [43 Pac. 656].) Our own supreme court in the late case of *Spreckels* v. *Gorrill*, 152 Cal. 383, [92 Pac. 1011], appears to have adopted the rule laid down by Mr. Sutherland in his work on Damages, section 1171, as follows: "The measure [of damages] is the difference between the value of the stock as the condition of the company issuing it really was and what it would be if its condition had been as the purchaser was fraudulently induced to believe it to be." Says Mr. Justice Shaw, in the case last cited: "One

who buys property is lawfully entitled to all the benefit of the purchase, that is, to the full value of the property he buys, regardless of the price he paid.'' The rule announced by the trial court in the instruction given finds no support in any authority to which our attention has been directed.

An order denying a motion for a new trial will not be reversed, however, for mere error, when it clearly appears that had the jury been correctly instructed as to the law their verdict could not have been otherwise. (*Edwards* v. *Wagner*, 121 Cal. 376, [53 Pac. 821]; *Hughes* v. *Wheeler*, 76 Cal. 230, [18 Pac. 386].) It appears that the stock had no market value, and we must therefore look to the pecuniary condition of the company to ascertain its real value. (*Warner* v. *Benjamin*, 89 Wis. 290, [62 N. W. 179].) The uncontradicted evidence shows that on August 25, 1906, when plaintiff purchased 200 shares of the stock, there were 23,000 shares of stock outstanding, and the assets of the company were of the apparent value of $14,586. These assets consisted of a small sum of cash, a claim of $3,744 against one J. C. Henderson, bills receivable of $1,400, and real estate valued at $6,000, upon which there was a mortgage securing an indebtedness of $5,000. On December 3d, when plaintiff purchased 130 shares of stock, there had been no material improvement in the company's financial condition. Upon this showing, and assuming that the bills receivable and claim against Henderson were solvent credits, still the amount thereof to which plaintiff as a holder of 330 shares of stock would be entitled after deducting the cost of liquidation, upon an apportionment of the assets to all the stock would be so insignificantly small that the jury must of necessity have found the stock to be worthless at the time when it was purchased. It is therefore apparent that, had the jury been instructed that the measure of damages was the difference between the price paid by plaintiff in the purchase and the true value of the stock at the time of the sale, they must, under this evidence, have found it to be the purchase price of $1,650. This was the actual sum with which plaintiff parted without receiving anything of value in return therefor and the amount in which the jury found him to have been damaged. In no event, the fraud being established, was he entitled to receive less. While the giving of the instruc-

tion constituted error, the rights of the defendant were not prejudiced thereby. (Code Civ. Proc., sec. 475.)

The order appealed from is affirmed.

Allen, P. J., and Taggart, J., concurred.