[Civ. No. 1330.  First Appellate District.—July 8, 1914.]

# ERNST W. GRATZ, Respondent, v. JACOB SCHULER et al., Appellants.

FRAUD—ACTION TO RECOVER FOR FALSE REPRESENTATIONS—SHOWING NECESSARY TO BE MADE BY PLAINTIFF.—Fraud is the basis of an action for damages for deceit; and when such action arises out of alleged false representations of a material fact the plaintiff, in order to prevail, must ordinarily show not only that such representations were knowingly false and made with intent to deceive, but that the plaintiff, relying upon such false representations and while acting with reasonable prudence, was thereby deceived into doing something to his detriment.

ID.—RELIANCE UPON FALSE REPRESENTATIONS—OPPORTUNITY FOR INVESTIGATION.—If one party to a contract is justified in relying and does in fact rely upon false representations, his right of action for rescission or for damages for deceit is not destroyed merely because he does not avail himself of the means of knowledge immediately at hand as to the truth or falsity of the representations; but if he does avail himself of an opportunity to test the truth of the representations made, and thereby discovers prior to the consummation of the contract that such representations are false, he will not be heard to say that he was deceived by them.

ID.—SALE OF PANORAMA PICTURE MACHINE — REPRESENTATIONS BY SELLER AS TO EARNING CAPACITY.—The buyer of a panorama picture machine cannot recover damages for false representations made by the seller as to its earning capacity, if it appears that, before the consummation of the sale, a test exhibition was had at which the receipts fell far below the earning capacity as represented.

ID.—REPRESENTATION AS TO RENTAL VALUE OF DEVICE.—After thus having discovered the falsity of the representations of the earning capacity of the panorama, the buyer is not entitled to recover damages on the ground of an alleged false representation that the panorama could be placed in a certain amusement place for a specified monthly rental, the truth or falsity of which representation was readily ascertainable.

ID.—FALSE STATEMENT AS TO ONE MATTER—NOTICE THAT OTHER STATEMENTS MAY BE FALSE.—Where a party to a contract ascertains that the other party has falsely represented one material matter in the transaction, it is notice to him that the representations as to other matters may also be false, and it is therefore incumbent upon him to thereafter make a full investigation as to the truth or falsity of all such matters.

ID.—INTOXICATION OF BUYER—SUBSEQUENT RATIFICATION OF TRANSACTION.—If the buyer was so intoxicated during the original negotia-

tions for the sale of the panorama that he did not realize what he was doing, his subsequent consummation of the sale when sober constitutes a ratification of the original agreement which precludes him from repudiating the transaction, or asserting that advantage was taken of his intoxicated condition to defraud him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, for Appellants.

Henry H. Davis, and A. F. Patterson, for Respondent.

LENNON, P. J.—In this action the plaintiff sought and recovered damages for fraud and deceit alleged to have been perpetrated upon him by the defendants in the negotiation and consummation of an agreement for the purchase and sale of a picture machine, known as the "Kaiser Panorama," which the defendants owned and, at the time of the sale, were exhibiting at a place of public amusement in the city and county of San Francisco. The fraud and deceit complained of in the plaintiff's complaint consisted of the following alleged false representations by the defendants: 1. That the defendants had paid the sum of one thousand nine hundred dollars for the panorama; 2. That because of its earning capacity it was worth the sum of one thousand nine hundred dollars for exhibition purposes; 3. That the panorama had been earning twenty dollars a day; 4. That the defendants had been offered one hundred dollars per month to exhibit it at Idora Park in the city of Oakland; and, 5. That it was a valuable device for exhibition purposes, and would earn for the plaintiff the sum of twenty dollars per day.

Plaintiff's complaint further averred that the defendants willfully and knowingly made such alleged false representations with the intent and for the purpose of cheating and defrauding the plaintiff; and that, believing such false representations and relying solely thereon, he purchased the panorama and paid therefor the sum of one thousand one hundred dollars.

All of the material allegations of the plaintiff's complaint were denied by the answer of the defendants. The issues thus raised were tried with a jury, and a verdict rendered for the plaintiff in the sum of one thousand dollars. From the judgment entered thereon and from an order denying a new trial the defendants have appealed.

The insufficiency of the evidence to support the verdict is the principal point relied upon for a reversal. The point is well taken. The case of the plaintiff, in so far as the making and falsity of the representations were concerned, was rested entirely upon his own testimony, and such testimony did not in the slightest degree tend to show the falsity of the defendants' alleged representations concerning the original cost of the panorama. Upon the other hand, the testimony of the defendants, uncontradicted and unimpeached either by direct or circumstantial evidence, was to the effect that they had paid one thousand nine hundred dollars for the panorama. Plainly, therefore, the verdict cannot be supported upon the theory that the evidence shows that the defendants falsely represented the original cost of the panorama.

We have searched the record in vain for any evidence which even remotely tends to support the allegations of the complaint that the defendants represented to the plaintiff that the panorama would earn for him the sum of twenty dollars per day. In this behalf the plaintiff's testimony in its entirety reveals nothing more than that the defendants said to him when negotiating the sale that they had been offered one hundred dollars per month to exhibit the panorama at Idora Park, and that "it makes lots of money; . . . you can bring it to Idora Park and . . . rent it out."

Conceding that the false representation concerning the future earning capacity of the panorama would, under all of the circumstances of the present case, constitute a good cause of action for fraud and deceit, nevertheless it is clear that the plaintiff's testimony upon this phase of the case would not support a finding that the defendants had falsely represented that the panorama would earn a specified sum per day. Stripped of immaterial matters, the sum and substance of plaintiff's testimony upon direct and cross-examination is that he was induced to pay the sum of eleven hundred dollars for the panorama solely because of the representation that it had in the past earned twenty dollars per day, and

that he could place it in Idora Park at a monthly rental of one hundred dollars. Further testifying in this behalf the plaintiff in effect said that while the statement as to past earnings influenced him to buy the panorama, nevertheless the representation that he could rent it to Idora Park had to a greater extent influenced him, because there it "would pay more interest on the money than the German Bank."

It follows that the verdict and judgment can be sustained only upon the theory that the evidence shows that the plaintiff was induced to purchase and part with his money solely by reason of the false representation that the panorama had been earning twenty dollars per day, and that he could rent it to the management of Idora Park for one hundred dollars per month. While the conflict in the evidence upon this phase of the case was resolved in favor of the plaintiff, we are satisfied that under all of the circumstances of the transaction in suit, such representations, even if falsely made, were not as a matter of law sufficient to warrant a verdict and judgment for damages upon the ground of deceit.

Fraud is the basis of an action for damages for deceit; and when such action arises out of alleged false representations of a material fact the plaintiff, in order to prevail, must ordinarily show not only that such representations were knowingly false and made with intent to deceive, but that the plaintiff, relying upon such false representations and while acting with reasonable prudence, was thereby deceived into doing something to his detriment.

It may be conceded that the undisputed fact in the present case, that the panorama never at any time after the plaintiff finally purchased it earned more than five dollars per day, was sufficient to warrant the finding of the jury implied from the verdict that the representations of the defendants as to its previous earnings were false and fraudulent (*Del Vecchio* v. *Savelli,* 10 Cal. App. 79, [101 Pac. 32]). Therefore we would have but little difficulty in sustaining the judgment if the evidence upon the whole case was sufficient to warrant the inference that the plaintiff relied upon and was in fact deceived by such representations. But the evidence will not justify any such inference. To the contrary the evidence clearly and without conflict shows that the plaintiff did not rely upon and was not deceived by the statement that the panorama had been earning twenty dollars per day while

owned and operated by the defendants. That this is so is shown by the plaintiff's own testimony to the effect that, upon the payment of fifty dollars on account, he was given possession of the panorama, and during the three weeks following gave three exhibitions at the original stand "to see what it was earning." The receipts of the first exhibition amounted to $12.50; the second exhibition a week after brought but seventy-five cents to the box office; the receipts of the third exhibition given a week after the second amounted to but fifteen cents. Notwithstanding this actual demonstration of the real earning capacity of the panorama the plaintiff, without further representations of the defendants, completed the purchase by the payment of the balance of the price originally agreed upon. Surely under these circumstances, it cannot be said that the evidence shows that the plaintiff was justified in relying solely upon the representations of the defendants that the panorama had been earning twenty dollars per day. Generally speaking, if one party to a contract is justified in relying and does in fact rely upon false representations, his right of action for rescission or for damages for deceit is not destroyed merely because he did not avail himself of the means of knowledge immediately at hand as to the truth or falsity of the representations (*Ruhl* v. *Mott,* 120 Cal. 668, [53 Pac. 304] ; *Neher* v. *Hansen,* 12 Cal. App. 370, [107 Pac. 565] ; *Tarke* v. *Bingham,* 123 Cal. 163, [55 Pac. 759] ; *Willey* v. *Clements,* 146 Cal. 91, [79 Pac. 850]) ; but if he does avail himself of an opportunity to test the truth of the representations made, and thereby discovers prior to the consummation of the contract that such representations were false, he will not be heard to say that he was deceived by them. We take it that this proposition needs no authority to support it. Assuming that the plaintiff was justified in relying and acting upon the representation that the defendants had been offered one hundred dollars per month to exhibit the panorama at Idora Park, and that the plaintiff, if he purchased the panorama, could rent it to that park, still these were facts which were readily susceptible of verification, and under the particular circumstances of the present case, should have been verified by the plaintiff before he purchased and paid for the panorama. Ordinarily perhaps this might not be so; but having ascertained that the defendants falsely represented one material matter in the transaction, this was

notice that the defendants may have been false in all else that they said; and therefore it was incumbent upon the plaintiff thereafter to make a full investigation as to the truth or falsity of every other material representation.   This is so, because the law does not undertake the care of persons who, with notice of a fraud and the means of prevention at hand, will not take care of themselves (*Ruhl* v. *Mott,* 120 Cal. 668, [53 Pac. 304]; *Bacon* v. *Soule,* 19 Cal. App. 428, [126 Pac. 384]).

During the course of plaintiff's testimony it was incidentally developed that during the negotiations for the sale of the panorama the plaintiff became intoxicated from drinking beer supplied to him by the defendants, and that while so intoxicated he made the first payment of fifty dollars on account.   We are at a loss to conceive how this fact can be availed of in support of the verdict.   In the first place the plaintiff's complaint did not plead or attempt to plead such fact as a part of his cause of action; in the second place the uncontradicted evidence is to the effect that the purchase of the panorama was not completed until some three weeks after the deposit had been paid on account; and the evidence does not show, nor is it contended here, that the plaintiff was intoxicated at that time.   Conceding that the plaintiff may have been so intoxicated during the original negotiations for the sale of the panorama that he did not realize what he was doing, nevertheless, having completed the same when he was undoubtedly sober, this was a ratification of the original agreement, which precludes the plaintiff from repudiating the transaction, or asserting that advantage was taken of his intoxicated condition to defraud and deceive him.

For the reasons stated the judgment and order appealed from are reversed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 6, 1914, and the following opinion then rendered thereon:

LENNON, P. J.—In fairness to the plaintiff (respondent) in the above-entitled action, the statement of the facts of the case in the opinion heretofore rendered, reversing the judg-

ment of the lower court, should be modified in certain particulars.

While the testimony of the plaintiff is in part at least somewhat confused and uncertain, as to whether or not he personally conducted one or three exhibitions of the panorama purchased from the defendants, prior to the payment of the full purchase price, upon a further consideration of the record, still before us, we must confess that the plaintiff's testimony, when considered in its entirety, and liberally construed, is to the effect that after the payment of fifty dollars as a deposit, and before the payment of the full purchase price of the panorama, he personally conducted but one exhibition, the receipts of which, as stated in the opinion heretofore rendered, amounted to twelve dollars and fifty cents. The other two exhibitions mentioned in that opinion apparently were given by the plaintiff after he had paid the full amount of the purchase price. This correction of the statement of the facts of the case will not, however, operate to alter or in any wise impair the conclusion previously reached, that the plaintiff's testimony shows that he did not rely upon and was not deceived by the defendants' statement that the panorama had been earning twenty dollars per day while owned and operated by them. The result of the single exhibition given by the plaintiff prior to the payment of the purchase price should have been sufficient, we think, to put him upon further inquiry concerning the past earning capacity of the panorama. Moreover, the testimony of the plaintiff shows further that before he made the full payment of the purchase price, he called upon the defendants, and asked for the return of the fifty dollars deposit paid on account, because, as he said, "I did a very foolish thing to buy that thing. I made a very foolish bargain." It will thus be seen that, notwithstanding an actual demonstration of the earning capacity of the panorama, and knowledge of the fact that he had made a bad bargain, plaintiff completed the contract of sale by paying the balance of one thousand and fifty dollars, due on the purchase price.

Under these circumstances, it cannot be fairly said that the plaintiff was deceived into parting with the bulk of his money by the statements of the defendants that the panorama had previously earned for them the sum of twenty dollars per day; and therefore, in so far as the conclusion reached and here-

tofore expressed upon this phase of the case is concerned, it is immaterial whether the plaintiff gave more than one exhibition prior to the time he made the final payment on the purchase price of the panorama.

The petition for rehearing is denied.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 2, 1914.