[Civ. No. 4208.    First Appellate District, Division One.—April 27, 1922.]

## NISON KOBLICK, Appellant, v. OTTO A. LARSON et al., Respondents.

[1] VENDOR AND VENDEE—FALSE REPRESENTATIONS OF VENDOR—RELIANCE UPON BY VENDEE—INDEPENDENT MEANS OF KNOWLEDGE.—A purchaser of land is justified in relying upon false representations and his rights are not destroyed because means of knowledge are open to him, and no duty in law is devolved upon him in such a case to employ such means of knowledge.

[2] ID.—ACTION BY VENDOR TO COMPEL SPECIFIC PERFORMANCE—INDEPENDENT INVESTIGATION — FINDINGS—EVIDENCE.—In an action to compel the specific performance of a contract made in connection with the sale to defendant of certain land, the failure to make a specific definite finding on the issue that defendant made an independent investigation does not constitute reversible error, where the evidence shows conclusively that no real investigation was ever made by defendant, but that he depended entirely upon the representations of plaintiff and his associates.

[3] ID.—INADEQUACY OF CONSIDERATION—FAIRNESS OF CONTRACT—EVIDENCE—FINDINGS—JUDGMENT.—In an action for specific performance of a contract for the sale of real estate, it is necessary for the

Right to rely upon representations made to affect contract for sale of land as a basis for a charge of fraud, note, 37 L. R. A. 593.

Right of purchaser of land to rely upon representations by vendor as to quality or condition of soil, note, L. R. A. 1917C, 273.

plaintiff to show that as to the defendant the contract was just and reasonable, and that the defendant received an adequate consideration; and where the pleadings put that question in issue, and the findings thereon are to the effect that the consideration received by defendant was not adequate, and that as to him the contract was not just and reasonable, a judgment in the defendant's favor is proper, regardless of the question whether the findings cover all other issues or not. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. A. Meyer and E. J. Dole for Appellant.

W. F. Cowan and F. J. Burke for Respondents.

TYLER, P. J.—This is an action brought to enforce specific performance of a contract relating to certain real property. The action was the result of a real estate transaction involving some sixty-six acres of land situated near Windsor, in the county of Sonoma, which appellant, as an agent of the owners, sold to respondent Larson. The facts are substantially without conflict and are in substance as follows:

One James E. Dowd and his wife Sarah were the owners of the land, and in January, 1920, appellant procured an option entitling him to either purchase or sell the same. This option was never exercised by him and was canceled, but Dowd and his wife verbally authorized plaintiff to buy or sell the ranch for sixteen thousand five hundred dollars net to the owners. Respondents Horovitz and Noreen were real estate brokers who associated themselves with appellant for the sale of the property, and they procured a purchaser for the same in respondent Larson. According to the agreement of sale Larson was to pay the sum of twenty-two thousand dollars for the property. This sum was made up by a cash payment of nine thousand eight hundred dollars, a note for eight thousand dollars secured by a mortgage, and the balance of the consideration was to be paid by a

conveyance to appellant of the land in dispute, which consisted of a house and lot in Petaluma valued at four thousand two hundred dollars. After the transfer of the land was made to Larson, in accordance with the terms of the agreement of sale, he refused to execute a deed of the Petaluma property to appellant, but conveyed the same to respondents Horovitz and Noreen, the associates of appellant. Thereupon this action was brought and Horovitz and Noreen are joined as parties defendant. All respondents joined in common cause against appellant. They appeared by answer and cross-complaint, alleging fraudulent representations on the part of plaintiff with reference to the sale of the property. These alleged fraudulent representations were to the effect that plaintiff owned the land and had paid nineteen thousand dollars therefor, and that it was worth twenty-five thousand dollars; that the trees and vines growing thereon were in a good and healthy condition and that the land produced an income of six thousand dollars a year. Defendants sought damages under their cross-complaint to the extent of five thousand five hundred dollars, together with a prayer that it be decreed that respondents Horovitz and Noreen were entitled to an undivided one-third interest in the house and lot in Petaluma. Appellant, answering the cross-complaint, denied that plaintiff or his associates had made any false representations, and alleged that respondent Larson purchased the property after full, fair, and complete examination of the same. The trial court found in substance that the representations as to ownership, income, and productiveness of the lands were false; that the land was not suitable for raising fruit trees or grapevines, and that the vines or trees growing thereon were not sound and healthy as represented, but, on the contrary, were unsound, decayed, and unhealthy, and were dying out, and that trees would not grow on the land on account of the poor quality of the soil. The court further found that the property was reasonably worth the sum of sixteen thousand five hundred dollars and no more. Transfer of the Petaluma property was refused and ownership thereof was decreed to be in defendant Larson in addition to which a money judgment for the sum of thirteen hundred dollars was entered in his favor. Appellant appeals from the judg-

ment and contends that the trial court failed to find on a material issue, which, it is claimed, justifies a reversal of the judgment. The issue referred to is that defendant Larson made an independent investigation of the property and had the means of ascertaining the truth of the character of the land, and that he completed the purchase after such investigation had been made by him.

In response to this issue the findings of the trial court are to the effect that Larson had no knowledge or any means of ascertaining the truth or falsity of the representations, but that he had full and implicit confidence in defendants and relied upon their statements and was induced thereby to make the purchase and transfer. [1] The principle is well established that a purchaser is justified in relying upon false representations and his rights are not destroyed because means of knowledge are open to him, and no duty in law is devolved upon him in such a case to employ such means of knowledge. (*Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011]; *Ruhl* v. *Mott,* 120 Cal. 668 [53 Pac. 304]; *Gratz* v. *Schuler,* 25 Cal. App. 117, 120 [142 Pac. 899].)

[2] Appellant concedes this to be the rule but he claims that the principle has no application where an independent investigation is made by a purchaser, and he contends that as the pleadings raised this issue and there is evidence upon the subject, that the findings are incomplete and do not conclude the issue. It would seem that a finding that one has no knowledge of the subject includes the elements of want of investigation and lack of consequent information following upon such investigation. This reasoning seems to be conceded by appellant, but it is argued that it cannot avail respondents in the face of positive evidence that an investigation was made. It is true that the record discloses that Larson did at different times attempt to make an investigation, but it further shows that upon all these occasions he was accompanied by the agents and was controlled entirely by their suggestions, and that such investigations were, in consequence, unsuccessful. True, he was requested by them to dig upon the land to ascertain the depth of the soil, and in so doing discovered hardpan, but the evidence further shows that this meant nothing to him

57 Cal. App.—30

as he was inexperienced in and knew nothing about farm lands or what the presence of hardpan might indicate. The evidence upon this subject fully supports the finding that Larson relied implicitly and solely upon the representations of the agents, whom he considered and believed to be his friends. Under such circumstances the court was justified in finding that Larson had no knowledge or means of ascertaining the truth or falsity of the representations. Even if we concede the findings to be subject to the criticism here made, still we cannot see how this can avail plaintiff, for in view of the conclusion reached by the trial court a direct and specific finding, if made, would of necessity have been adverse to him. As before stated, the evidence shows conclusively that no real investigation was ever made by Larson, but that he depended entirely upon the representations of plaintiff and his associates. Under such circumstances, failure to find specifically on this subject is not ground for reversal. (*Estate of Connors,* 110 Cal. 408 [42 Pac. 906]; *Senter* v. *Senter,* 70 Cal. 619, 628 [11 Pac. 782]; *Haight* v. *Costanich,* 184 Cal. 426 [194 Pac. 26].)

We are therefore of the opinion that the findings are sufficient to support the judgment. For the reasons given it is affirmed.

Kerrigan, J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1922, and the following opinion then rendered thereon:

THE COURT.—The action in this case was for specific performance of a contract for the sale of real estate. [3] In such an action it is necessary for the plaintiff to show that as to the defendant the contract was just and reasonable, and that the defendant received an adequate consideration. The pleadings put in issue the question whether or not the contract was just and reasonable and the consideration adequate as to the defendant Larson. The findings, omitting all consideration of the finding on

the question whether or not the defendant Larson made an independent investigation of the property or had the means of ascertaining the truth as to the character of the land, show beyond question that the consideration received by Larson was not adequate, and that as to him the contract was not just and reasonable. The judgment, therefore, should have been in favor of Larson, as it was, and the district court properly affirmed it, regardless of the question whether the finding covered all other issues or not.

The petition for rehearing is denied.

Shaw, C. J., Lawlor, J., Wilbur, J., Lennon, J., Sloane, J., Richards, J., *pro tem.*, and Waste, J., concurred.