[Crim. No. 1396. First Appellate District, Division Two.—June 21, 1927.]

THE PEOPLE, Respondent, v. HENRY C. CROWFOOT, Appellant.

E. A. Douthitt and M. S. Hamilton for Appellant.

U. S. Webb, Attorney-General, Earl Warren, District Attorney, and Leonard J. Metzler, Deputy District Attorney, for Respondent.

NOURSE, J.—The defendant was convicted upon an information charging him with embezzlement, on or about the sixth day of February, 1925, of certain personal property described as an automobile garage together with the equipment therein and a certain bill of sale thereof, which property it was alleged had been trusted to him as a bailee by one Fred Schaefer, the owner thereof. From the judgment following the conviction and from the order denying his motion for a new trial he has appealed on a typewritten record.

On this appeal the appellant presents but one ground which requires consideration—that the evidence wholly fails to sustain the verdict. Briefly, the facts are that the appellant, who was the owner of mining and lumber property situated in Butte County, this state, interested Schaefer in associating himself with him in the development of the property, with the ultimate object of organizing a corporation for that purpose. In February, 1925, the parties entered into a written agreement whereby the appellant agreed to sell to Schaefer eight thousand shares of stock of the corporation which was to be formed for the purpose of developing the properties mentioned, and in consideration thereof Schaefer agreed to sell to the appellant his entire interest in the Park Garage located in the city of Alameda. On February 6, 1925, a bill of sale was executed and delivered by Schaefer to the appellant conveying to him the entire interest in this garage and the appellant immediately assumed possession thereof, employing Schaefer to act as his agent in its management. Thereafter, and with the full knowledge and consent of Schaefer, the appellant exchanged the garage to one Elliott for an interest in real property situated in the northern part of the state. In accordance with the agreement of the parties, the appellant proceeded with the incorporation of the mining company and procured the permission of the state commissioner of corporations to issue five hundred thousand shares of stock, same to be held in escrow subject to the further orders of the commissioner. This incorporation was effected on March 17, 1925, and on July 13th following, pursuant to the application of the directors of the corporation, the commissioner issued his authorization for the issue of the stock and, on

July 27th following, the stock was accordingly issued and deposited in escrow with a depositary approved by the commissioner. On October 13, 1925, the president of the corporation addressed a letter to Schaefer, stating that the appellant had represented that certain commitments for the issue of stock had been made and asking Schaefer to communicate with him stating what commitments he had had with the appellant and assuring Schaefer that it was the desire of the corporation to make immediate adjustments of these commitments. No reply was received from Schaefer to this letter, but some time thereafter, through the insistence of counsel employed by him, the corporation commissioner was directed to withhold permission for the transfer of any shares from the corporation for the adjustment of these demands. Thereafter demand was made upon the appellant by other counsel representing Schaefer that the appellant return the garage to Schaefer. The appellant readily agreed to comply with this demand, but when the offer was made to Schaefer he refused to accept the return of the garage and insisted that the appellant go through with his contract for the delivery of the stock. Counsel having prevented this delivery through a stop order from the corporation commissioner, these proceedings were commenced through the office of the district attorney, charging the appellant with embezzlement of the garage at the time of the original sale thereof in February, 1925.

At the time of the trial and upon this appeal the district attorney proceeded upon the theory that the parties had agreed that the appellant should take the garage, sell it, and with the proceeds thereof purchase for Mr. Schaefer eight thousand shares of the corporation stock. If this theory could have been supported by any evidence a case might have been presented which would have put the appellant in the position of a trustee for Schaefer to hold the garage and the proceeds thereof and to apply the latter to the purchase of stock in the corporation. But there is not a particle of evidence in the record to support this theory. The evidence is without conflict that the transaction was an outright sale and transfer of Schaefer's entire interest in the garage and that the agreement to deliver shares of stock in the corporation was a personal agreement with the appellant and not one executed by him as a

promoter of the corporation. It is merely a case, then, where a sale was made and where the vendee had failed to make payment of the consideration called for. There is no evidence to show either a bailment or a trust between the parties.

Judgment and order are reversed and a new trial ordered.

Koford, P. J., and Sturtevant, J., concurred.