[L. A. No. 9524. Department Two.—October 16, 1928.]

M. S. SCOVILL, Respondent, v. RALPH I. GUY, Appellant.

Theodore Stensland for Appellant.

Kemp, Partridge & Kemp and Thatcher J. Kemp for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff for the rescission of a certain agreement between the

plaintiff and the defendant upon the ground of fraud and deceit on the part of the latter in procuring such agreement and the payment of certain moneys thereunder, which the plaintiff seeks also to recover in the form of damages for such fraud and deceit. The cause proceeded to trial upon the amended complaint of the plaintiff and the defendant's answer thereto, putting in issue the averments of said amended complaint as to any acts of wrongdoing on the part of the defendant. Upon the trial and submission of the cause the trial court made its findings of fact wherein it set forth in full the correspondence between the parties, which not only embodied their agreement but also contained the statements and representations which the plaintiff asserted were, and which the trial court found to have been, falsely and fraudulently made, and to have been acted upon by the plaintiff in the belief that they were true to the extent of paying to the defendant the sum of money which he now seeks to recover. Upon such findings of fact and the conclusions of law drawn therefrom judgment was entered in the plaintiff's favor for the relief sought in his amended complaint. It is from such judgment that the defendant has prosecuted this appeal.

The first contention of the appellant is that there was no evidence presented at the trial sufficient to show that any confidential relation existed between the parties prior to and at the time the representations of the defendant, which resulted in said agreement, were made. It may be conceded that the evidence in the case did not disclose the existence of such a confidential relation between the parties as would bring the case within the provisions of section 2219 of the Civil Code; but it was not essential to a recovery by the plaintiff in this case that such a degree of confidential relation between the parties as would create a trusteeship within the provisions of said section of the code should exist. It was sufficient for the plaintiff to show the existence of such friendly relations during a period of several years between himself and the defendant as would entitle the plaintiff to place confidence in the integrity and honesty of the defendant and in the truth of whatever representations the latter was making to him with regard to the transaction and to the particular business wherein the defendant by his correspondence was proposing that the plaintiff and

himself should jointly engage. There is ample evidence in the record that such relation existed as would have entitled the plaintiff to rely upon the representations which the defendant made to him as to matters concerning which the defendant had particular knowledge and with regard to which information was not readily accessible to the plaintiff.

The authorities are ample to the effect that a party who holds such relation and has been misled by the representations of the other which are to form the basis of a mutual agreement, and the truth of which is known to the opposite party and unknown or not easily accessible to him, may rescind the agreement which has been thus procured, and recover in damages whatever sums 'he may have been induced to pay over under the agreement thus fraudulently obtained.. (*Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011]; *Dow* v. *Swain*, 125 Cal. 674 [58 Pac. 271]; *Koblick* v. *Larson*, 57 Cal. App. 462 [207 Pac. 929]; *Sullivan* v. *Helbing*, 66 Cal. App. 478 [226 Pac. 803].) The cases of *Ruhl* v. *Mott*, 120 Cal. 668 [53 Pac. 304], and *Bacon* v. *Soule*, 19 Cal. App. 428 [125 Pac. 384], upon which to sustain this point the appellant most strongly relies, will not be found, when read in full, to sustain his contention, but rather they uphold the contention of the respondent. We find no merit, therefore, in this contention of the appellant.

The appellant's next contention is that the material alleged misrepresentation upon which the plaintiff relied, and which the trial court found to have been made, while sufficiently supported by the evidence in the case, was not shown by such evidence to have been relied upon by the plaintiff. The record does not support the appellant in this contention, but, on the other hand, does afford sufficient evidence to sustain the finding of the trial court that such misrepresentation was made and was relied upon by the plaintiff as one of the main facts inducing him to enter into the agreement which he sought to rescind.

The final point made by the appellant is that the trial court had presented to it in the circumstances attending the transaction in question a state of facts which might have been held to comport equally with honesty and fair dealing as with fraud and deceit, and that this being so the trial court should not have imputed fraud to the de-

fendant upon the facts as shown. But, again, as to this final contention we fail to find that the record supports the appellant in making it, since the evidence amply showed both that the misrepresentations which induced the plaintiff to enter into the agreement were made, and falsely made, but that they were fully relied upon by the plaintiff, and that otherwise the agreement would not have been made. The findings of the trial court were fully supported by the evidence. The conclusion of law based upon such findings of fact was correct and it follows necessarily that the judgment of the trial court, based upon such findings and conclusion of law, should be and the same is hereby affirmed.

Langdon, J., and Shenk, J., concurred.