[Civ. No. 6627.   Third Dist.   Jan. 13, 1942.]

FRANCES TADIN, Respondent, v. H. C. CROFOOT et al.,
Appellants.

John H. Leonard for Appellants.

Frank V. Kington for Respondent.

MONCUR, J. pro tem.—The above matter is before the court upon an appeal from a judgment in favor of plaintiff and against defendants after denial of a motion for a new trial. The case was tried upon a first amended complaint and the answer of defendants' thereto, defendants having answered after the overruling of their demurrer, which demurrer was for the want of sufficient facts to constitute a cause of action and the bar of the statute of limitations.

In view of the contention of defendants that the first amended complaint did not state a cause of action, it appears necessary to set forth, at considerable length, the alle-

gations of this pleading. It alleges that at all times mentioned, beginning with November 3, 1924, and for a long time prior thereto, up to and including the time of the death of Philip Forencich, the latter and plaintiff were husband and wife; that said Philip Forencich died on June 14, 1931, and that plaintiff is the surviving widow; that on October 11, 1935, after proceedings duly had in the matter of the estate of Philip Forencich, deceased, the court assigned to plaintiff as surviving widow of said decedent, the whole of decedent's estate, including a certain contract referred to in the amended complaint, attached thereto and marked Exhibit ''A''; that ever since said October 11, 1935, plaintiff has been and is now the owner and holder of all the rights of decedent in and to said contract; that at all times mentioned, beginning with November 3, 1924, defendants were, and ever since have been and now are partners or joint adventurers in a mining business, which partnership or joint adventure had never been dissolved; that on November 3, 1924, defendants and said Forencich entered into the said contract above referred to; that at the time said contract was made defendants represented to decedent that they were the owners and holders of certain leases, agreements, and options to purchase and contracts on certain mining property situated in Butte County and known as the Mammoth Channel Gold Mining Properties; that at said time said defendants further represented to said decedent that if decedent would invest with said defendants the sum of $1,500, that they, said defendants, would convey to said decedent an interest in said mining properties, leases, contracts, and options in value equal to $7,500 of the ground floor price of the properties when appraised; that at said time defendants represented to decedent that they would cause the incorporation of said properties and that in said corporation said decedent would be designated as one of the owners of said corporation; that said representations were made by said defendants to said decedent for the purpose of inducing said decedent to pay to said defendants the said sum of $1,500 and that by said representation decedent was induced to pay and at said time did pay to defendants the sum of $1,500; that thereafter and at all times since November 3, 1924, and up to the time of the death of said decedent said defendants represented to decedent that they were the owners of said properties; that they had conveyed to said decedent said interest agreed to be con-

veyed as aforesaid and that said properties had been incorporated as agreed as aforesaid, and that decedent was designated in said corporation as the owner of an interest therein in value equal to $7,500 of the ground floor price of said property when appraised, and that said properties were appraised; that said representations were false in the following particulars, to-wit: that said defendants were not on said November 3, 1924, the owners and holders of said leases, agreements, options to purchase, and contracts; that defendants did not convey to said decedent an interest in said properties in value equal to $7,500 of said ground floor price or any other value whatsoever; that said properties were never appraised; that said properties were never incorporated in any corporation wherein said decedent was designated as one of the owners thereof; that at all times during the lifetime of decedent from and after November 3, 1924, said decedent, believing said representations and relying thereon, believed that defendants were the owners and holders of the said properties; that they conveyed to said decedent said interest therein and that said properties had been incorporated and that said decedent was designated in said corporation as one of the owners thereof; that said defendants never at any time informed said decedent, and that said decedent never at any time knew that said defendants were not the owners of said property or that said defendants had not conveyed said interest to said decedent or that said properties had been incorporated and that said decedent was designated in said corporation as one of the owners thereof; that said defendants never at any time informed said decedent, and that said decedent never at any time knew that said defendants were not the owners of said property or that said defendants had not conveyed said interest to said decedent, or that said properties had never been incorporated in such manner as would show that said decedent was one of the owners thereof; that on December 18, 1935, said plaintiff made her demand in writing to said defendants that said defendants account to plaintiff for said moneys, but that said defendants have refused to account therefor.

The prayer is for judgment against defendants for an accounting of said moneys and that defendants be ordered to pay over to plaintiff any balance thereof found in their hands, and for her costs.

The agreement involved is as follows:

"EXHIBIT 'A'

"AGREEMENT TO SELL INTEREST.

"WHEREAS, H. C. CROFOOT and JOHN H. LEONARD, are the owners and holders of certain leases, agreements, and Options to Purchase, and Contracts, on certain mining property situate in Butte County, and known as the Mammoth Channel Gold Mining Properties, and PHILIP FORENCICH has invested with said H. C. Crofoot and John H. Leonard, the sum of Fifteen Hundred Dollars ($1500.00), the receipt whereof is hereby acknowledged, it is

"AGREED That said Philip Forencich shall have an interest in said mining properties and Leases, Contracts, and Options, in a value equal to Seventy-five Hundred Dollars ($7,500.00) of the ground floor price of the properties when appraised.

"IT IS UNDERSTOOD That said properties are to be incorporated at the earliest possible time, and that in such corporation said Philip Forencich shall be designated as one of the owners.

"DATED: November 3d, A. D. 1924.

(Signed) H. C. CROFOOT, by
J. H. Leonard
JOHN H. LEONARD
PHILIP FORENCICH."

"ENDORSED: Filed January 23, 1937.

H. E. Miller, Clerk of said court."

It is the contention of respondent that the foregoing agreement creates a trust. In support of this contention, Civil Code, section 2219; *Scovill* v. *Guy,* 205 Cal. 386, 388, 389 [270 Pac. 934]; *Dow* v. *Swain* (1899), 125 Cal. 674, 683 [58 Pac. 271]; *Thomas* v. *Lamb* (1909), 11 Cal. App. 717, 719 [106 Pac. 254], are cited. An examination of said code section and of the authorities cited, in our opinion, does not support this contention, and we are satisfied that the said agreement does not create a trust.

Appellants in their brief cite the case of *People* v. *Crowfoot,* 84 Cal. App. 107 [257 Pac. 463], in support of their contention, which will be hereinafter referred to, that a corporation was formed. Evidentiary foundation for consideration of that case for that purpose is not in the record. However, an agreement was referred to therein which was similar in its terms to the one here involved, and in that case the

court held that it was merely a case where a sale was made and where the vendee had failed to make payment of the consideration called for. There was no evidence to show either a bailment or a trust between the parties. From the evidence it is apparent that there was no confidential relationship existing between the parties and, in fact, appellant Leonard had only met Forencich about two days prior to the making of the agreement and appellant Crofoot, if he had ever met Forencich, had no recollection of it. We are satisfied that the instrument is just what it says it it, an agreement to sell an interest. The agreement says nothing about a partnership and it is clear that none was intended.

For the purposes of the demurrer, the prayer of the amended complaint cannot, of course, be considered. The agreement does nothing more than evidence a sale by appellants to Forencich of certain leases, agreements, and options to purchase and contracts on the mining property therein mentioned and represents that appellants are the owners thereof and that Forencich has invested with them the sum of $1,500, the receipt being acknowledged, Forencich to have an interest in said mining properties, leases, contracts, and options of a value equal to $7,500 on the ground floor price of the properties when appraised, to be evidenced in the corporation to be incorporated and that in such corporation said Forencich should be designated as an owner.

In the usual procedure in such matters this simply means that title to the mining properties was to be vested in a corporation; that Forencich would come in as one of the promoters and that certificates of stock in the corporation would be issued to him to the value of $7,500. So construing the amended complaint and the contract, the action is one based upon misrepresentation and the failure of the consideration for which the $1,500 was paid and, as so construed, we are of the opinion that the complaint states a cause of action; the bar of the statute of limitations does not appear upon the face of the complaint. There was, therefore, no error in overruling the demurrer to the first amended complaint.

In the answer to the complaint it was said: ''That defendants save and do not waive the point that plaintiff's alleged cause of action is barred by the provisions of Sections 336; 337; Subdivisions 1 and 4 of Section 338; and Section 343 of the Code of Civil Procedure of California; that defendants save and do not waive the point that said complaint

does not state facts sufficient to constitute a cause of action.''
The answer does not deny the making of the agreement but
denies the other allegations of the complaint except as is
therein alleged that defendants or neither of them at any
time made to Philip Forencich any representations other
than the representations made in the agreement referred to
in the complaint. The answer further alleges that the sum
of $1,500 was entirely expended in the work and develop-
ment of the mine mentioned in the agreement, and upon in-
formation and belief it is alleged that the properties were
incorporated and at the time of the said incorporation the
commitment to the said corporation was made in favor of
said Forencich in fulfillment of the terms of said agreement;
also that the defendants nor either of them, expended or
used any part of the $1,500 for their, or either of their, indi-
vidual benefits or for any other purpose except the purpose
of mining the properties as mentioned in said agreement.

The motion for a new trial was based upon the grounds of
excessive damages; insufficiency of the evidence to justify the
decision and judgment, and errors in law occurring at the
trial and excepted to by the defendant. The appeal is from
the judgment and the whole thereof and from the order
denying the motion for a new trial. The findings of the court
follow substantially the allegations of the first amended com-
plaint and the judgment is based thereon.

Plaintiff Frances Tadin, following the death of
Philip Forencich, married Tony Tadin. Plaintiff and said
Tony Tadin were called as witnesses for plaintiff, and ap-
pellants H. C. Crofoot and John H. Leonard were also called
for plaintiff under section 2055 of the Code of Civil Pro-
cedure. From the evidence of plaintiff and her husband it
is apparent that they had no knowledge of the circumstances
existing leading up to the execution of the agreement in-
volved herein, the plaintiff's evidence of those facts depend-
ing upon the testimony of appellants. From the testimony
of the latter it appears that they did own, at the time of
the making of the agreement, a lease, options to purchase,
and contracts on the mining property referred to; that a
corporation was formed; title to the properties was vested
in the corporation and that under a permit from the Corpo-
ration Commissioner, stock was issued to Philip Forencich
and placed in escrow to be delivered to him upon the fulfill-
ment of certain conditions by the incorporators. Also, that

notice of the proceedings leading up to the forming of the corporation and of the formation of the corporation was given to the parties interested, including Philip Forencich. The testimony of appellants herein was not deemed sufficient by the trial court without corroboration but there appears nothing inherently improbable in their testimony and there is nothing in the record to show why their testimony should not be weighed as required under the settled rules of evidence. The burden was upon the plaintiff to establish the allegations of her complaint. ■ Generally, fraud is not presumed and must be established by the party alleging it by at least sufficient evidence. ■ If the testimony of appellants be entirely disregarded, there is no evidence in the record to support the allegations of the complaint concerning the alleged misrepresentation and of the failure of the consideration and the findings of the trial court respecting those allegations.

On the other hand, if the testimony of appellants respecting the alleged misrepresentations and of the performance by them of the provisions of the contract is given any weight whatever, the findings of the trial court are against the evidence. In either event, there is no support for the judgment.

■ We are not unmindful of the fact that the stock in question was not delivered directly to Philip Forencich but was placed in escrow to be delivered to him upon the performance of the requirements of the Corporation Commissioner. This was a matter not within the power of appellants. All of the parties to the agreement must be presumed to have entered into it with knowledge of the requirements of the law in respect to the formation of corporations and the issuance of certificates of stock thereof in this state. There is no evidence to disclose that Philip Forencich was not familiar with the law in respect to such matters or that appellants did anything or said anything to deceive him in respect to this matter. There is no evidence to show that from the time he entered into the agreement until the date of his death, a period of about seven years, he appeared to be dissatisfied with what was being done.

The agreement does not provide that the $1,500 involved should be expended in the mine or upon the mining property, but the testimony of appellants is that the said $1,500 was so expended.

The record does not disclose when the original complaint was filed but it appears that the first amended complaint was

filed January 23, 1937. If the testimony of appellants be entirely disregarded there is no showing sufficient to toll the statute of limitations. If any weight whatever be given to the testimony of appellants it affirmatively appears that the plea of the bar of the statute of limitations as set forth in the answer must be upheld.

It appearing to us that there is no evidence in the record to support the findings and conclusions of law and judgment, and that the action is barred under the provisions of the statute of limitations referred to, it is ordered that the judgment be reversed. An order denying a motion for a new trial is not appealable. The appeal from that order is dismissed.

Thompson, Acting P. J., and Tuttle, J., concurred.