[Civ. No. 15785.   First Dist., Div. Two.   June 23, 1954.]

ALBERT A. MARIANI et al., Respondents, v. CHARLES SCHONFELD et al., Appellants.

Joseph L. Alioto and Walter F. Calcagno for Appellants.

Samuel D. Hamburg for Respondents.

DOOLING, J.—This is an appeal from a judgment for $37,500 entered upon a jury verdict in favor of the plaintiffs. The cause of action was based on misrepresentations made by defendants in connection with a sale of a business.

Appellants Charles and Sidney Schonfeld sold to respond-

ents all the stock in the Lincoln Bowl, a corporation, which operated a bowling alley at 319 Sixth Avenue in San Francisco. The contract of sale was signed on October 25, 1950, in which it was agreed that the purchase price was to be $80,000, and if it should become necessary for the sellers to personally finance any part of the transaction, then the purchase price was to increase to $82,500. The respondents took over the business on November 1, 1950, with the appellants remaining in an advisory capacity for the first 10 days. Respondents made payments aggregating $40,000 and signed promissory notes agreeing to pay the balance.

In October, 1951, respondents filed a complaint for damages based on fraud alleging that the appellants misrepresented the net income of the Lincoln Bowl and that appellants kept and maintained two sets of statements of the business operation in order to defraud respondents.

Appellants make two contentions: (1) The evidence is insufficient to support a recovery based on fraud; (2) the damages awarded were excessive and the result of passion and prejudice.

Appellants argue that there was no misrepresentation of any material fact. To support this contention they cite separate facts that were either known to the respondents or were truthfully represented to them. For example, the respondents obtained a complete inventory of all the equipment at the Lincoln Bowl prior to sale, they knew the terms of the lease, etc. Respondents, however, testified that there were two sets of statements on the operation of the business, one of which is false and is the one on which respondents relied to their damage. They further testified that prior to the purchase appellants showed respondents some figures which were represented to be the true income from the business. At the conclusion of the meeting appellants put these papers away and stated that these papers would be destroyed. However, four or five months after the purchase a portion of these secret figures were discovered accidentally by Mariani when he was cleaning out the files at the Lincoln Bowl. Manning took the papers down to Lazarus and Company, the accountants for the Lincoln Bowl, in order to compare the figures. A comparison of the two sets of figures shows that the records held by Lazarus and Company were invariably lower in the amount of income. During preliminary negotiations the explanation of the appellants for the discrepancy was that the statements prepared by Lazarus, which

showed a loss, were not correct and were prepared for tax purposes only.

According to the income tax statements the total income for the years 1946-1950 was as follows: 1946-1947, $15,078; 1947-1948, $22,752; 1948-1949, $20,395; 1949-1950, $18,089.

But the appellants told respondents on several different occasions that they had made $258,000 net profit in the past five years. The respondents were also informed that the income for the previous year was $42,000 and that they could make more money because appellants were operating on an absentee basis which is very inefficient. Respondents testified that they relied on the above representations because of the private records which showed a larger amount of money taken in than the records of the accountant.

■ A representation concerning the past income from property is a representation of fact. (*Wilson* v. *Shultz,* 102 Cal.App.2d 345, 351 [227 P.2d 524].) ■ Furthermore, one material misrepresentation that is relied on by the plaintiff is sufficient to satisfy a cause of action for fraud. (*Hefferan* v. *Freebairn,* 34 Cal.2d 715, 721 [214 P.2d 386].)

Although appellants attempted to explain the existence of the private records found by one of the respondents in the file cabinet and also denied the existence of any other secret statements, the rule relating to conflicts in the evidence requires this court to assume respondents' version to be true.

■ Appellants argue that respondents did not rely on the former's representations for the following reasons: (1) Prior to taking possession of Lincoln Bowl, they visited owners of bowling interests to find out about the handling and operation of the bowling alley; (2) before making the down payment the respondents thoroughly checked the daily receipts and the daily details of the business; (3) respondents worked at the bowling alley beginning on November 1 from 8 a. m. to 3 a. m. and in doing so obtained a complete picture of the operation. The appellants avoid any reference to the fact that many of the bills and expenses had not become apparent in the first month and it was not until almost 90 days later that the accumulated expenses appeared. Furthermore, the accountant's statement for the month of November was not received until December 10 so that there was no way to determine accurately the amount of income for November until that time. At the end of 90 days the respondents realized for the first time that the bowling alley was operating at a loss.

Appellants cite cases that stand for the proposition that where the plaintiff makes an independent investigation of his own he is precluded from asserting that he relied on the representations of the defendant. (*Carpenter* v. *Hamilton,* 18 Cal.App.2d 69 [62 P.2d 1397]; *Gratz* v. *Schuler,* 25 Cal. App. 117 [142 P. 899]; *Hayward* v. *Widmann,* 133 Cal.App. 184 [23 P.2d 762].)

We need go no further than *Hefferan* v. *Freebairn, supra,* 34 Cal.2d 715, where the facts were not dissimilar to those presented here. The District Court of Appeal accepted a like argument in that case (*Hefferan* v. *Freebairn,* (Cal.App.) 207 P.2d 602, 605) but the Supreme Court after granting a hearing ruled otherwise. That court held that where the buyer actually relied upon deliberately false representations of the seller that the true income was greater than that shown by the records of the business he had a cause of action for fraud and that the fact that the representations were inconsistent with the records, where the seller gave an explanation for the inconsistency which the buyer believed and relied upon, did not compel a finding that the buyer was put on notice of their falsity. (See the discussion on pp. 719-721 of 34 Cal.2d.)

■ Respondents' two expert witnesses valued the Lincoln Bowl between $32,000 and $38,607. Taking the largest figure as the true value of this business the measure of damages fixed by the code amounts to more than the judgment. (Civ. Code, § 3343.) After the jury retired it returned to the courtroom so that the testimony of the experts could be reread. In view of the fact that the amount of damages awarded does not exceed the lowest amount of damages that could be allowed if the experts' figures are accepted, the amount awarded finds full support in the evidence.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.