[Civ. No. 3209. First Appellate District, Division Two.—July 27, 1920.]

## J. BIDEGARAY, Respondent, v. LOUIS ORMACA, Appellant.

[1] CONTRACTS—SALE OF LAMBS—OFFER OF PERFORMANCE BY SELLER — WHEN SUFFICIENT. — The obligation of the seller of certain lambs to deliver them to the purchaser at a designated station on a specified day is extinguished by an offer of performance only when such offer is made in accordance with the rules prescribed in sections 1485 to 1505 of the Civil Code.

[2] ID.—ORAL MODIFICATION OF WRITTEN CONTRACT—RELIANCE UPON REPRESENTATIONS OF SELLER—ESTOPPEL.—Regardless of the rule requiring modifications of written contracts to be evidenced by writing, one party to a contract may not, on the pretense of desire on his part to depart from the exact performance of a nonessential detail, induce the other party to believe that delivery of goods sold will not be made either at the time or place specified in the contract, and then take advantage of the other's reliance upon his representations.

[3] ID.—ACTION FOR DAMAGES—ERROR IN ADMISSION OF EVIDENCE—MISCARRIAGE OF JUSTICE—APPEAL.—In this action for damages for breach of a written contract for the sale by defendant and purchase by plaintiff of certain lambs, conceding that the trial court committed error in admitting evidence of an oral agreement changing the time of delivery, there was sufficient other evidence to support the findings of the trial court in favor of the plaintiff and, there not appearing to have been any miscarriage of justice, the case was peculiarly within the constitutional restriction on the power of appellate courts to reverse judgments for error in the admission of evidence, unless the court is of the opinion that there has been such a miscarriage.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. K. Bonestell and John A. Steele for Appellant.

Harris & Hayhurst for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment against him for $1,250. He presents a single question

of law in support of the appeal, based on an objection to the admission of evidence over the objection that it was an attempt .to change the terms of a written contract by parol in contravention of section 1698 of the Civil Code. The respondent maintains that the section has no application to the facts of the case.

The respondent sued on two counts, the second being in the ordinary form of an action for debt. In the first count it was alleged that, in May, 1918, the defendant sold to plaintiff 500 lambs at the agreed price of seven dollars per head; that the plaintiff then paid the defendant $250 on account, and the defendant agreed to deliver the lambs to the plaintiff at Helm Station, in Fresno County, on or about May 26, 1918; that plaintiff was ready and willing to pay the balance of the purchase price on May 26th and thereafter; that the defendant had failed and refused to make delivery, and, on information and belief, that defendant had sold the lambs to others on or about May 26th, and still retained the $250 paid him; and that plaintiff had been damaged in the sum of $1,750. The appellant alleged that the plaintiff agreed to take the lambs on May 26th at Helm Station and to pay for them; denied the readiness of the plaintiff to pay the balance of the purchase price; denied that the defendant had failed or refused to deliver, and alleged that he was willing to deliver on May 26th; that he then offered delivery; that the plaintiff then refused to accept delivery, and that the defendant thereafter held the lambs for a period of five days, up to June 1st. He denied damage, and denied the debt set up in the plaintiff's second cause of action.

The court made general findings, first, that all the allegations in the first cause of action in the complaint were true, except as to the amount of damages, which the court found to have been $1,250, and, second, that all the allegations of the second count were true, except as to the amount of the debt, which was found to be $1,250.

Exclusive of the evidence to which the objection was interposed, the record shows that May 26, 1918, was Sunday. The appellant stands upon what he considers his strict contractual rights. An act appointed by law or contract, other than an act of necessity or mercy, to be done on a holiday, may be performed on the next business day.

(Civ. Code, sec. 11.)  The appellant's corral was about four
or five miles from Helm Station.  The respondent's corral
was about seven miles from the station and about two
miles from the appellant's corral.  On Sunday morning
the appellant stated that he went to the station about 7
or 8 o'clock and stayed all day.  He left his lambs at
his corral.  On his direct examination he first testified
that he went alone.  Later he said that afternoon he came
up to town.  He ate lunch with his herder about four
miles from Helm.  "We went out there," he said, "and
got lunch.  Then we went back to Helm again and back
to camp again."  It is immaterial whether he .went to
Helm on Sunday or not, or whether the respondent was
there or not on that day.  As a matter of fact, he was
not.  The evidence is important in connection with the
evidence concerning what he did on Monday.  He testified
that he went back to Helm early Monday morning, also
that he went there on Tuesday and Wednesday, on which
latter day, he testified, he sold the lambs to his brother-in-
law, Ahado.  The market price of lambs was then ten dol-
lars a head.  The appellant's herder testified that the ap-
pellant was at the corral on Sunday, and told them to put
the lambs in the corral until Mr. Bidegaray came.  He
further testified that Ahado, who had also testified that
he bought the lambs on Wednesday, had said on May 31st,
in the presence of Bidegaray and others, that he had bought
the lambs on Monday, May 27th.  Another witness testified
positively that at Huron, on May 31st, in the presence of
himself, Pete Irigary, and Bidegaray, Ahado said that he
had bought the lambs from Ormaca, on Monday, May
27th, at 10 o'clock in the morning, at Kutner-Goldstein's,
in Fresno.  If the appellant was in Fresno at that hour
on Monday, his testimony that he was at Helm waiting
to meet the respondent could not have been correct.  The
trial court resolved the conflict in the testimony against
the appellant, and this court is bound in such a case by
the implied finding of the trial court.  Under the appel-
lant's evidence he never took the lambs to Helm and he
did not seek in any way other than by going there, if
he went, to find or communicate with Bidegaray.  The
respondent was not at the station, but there is no evidence
that he would not have gone there had the appellant

taken the lambs there for delivery. On this appeal the appellant stands upon a rigid application of the law in regard to the evidence to which objection was made. In the foregoing no reference has been made to any part of the evidence in dispute.

The appellant contends that the respondent was bound to accept and to pay for the lambs at Helm Station. The respondent was not bound to pay for them until the appellant delivered the lambs, or in good faith offered to perform the contract. [1] He never took the lambs to Helm Station, and, therefore, must base his right on an offer of performance. His evidence shows affirmatively he made no such offer. An obligation is extinguished by an offer of performance only when made in accordance with the rules prescribed in sections 1485 to 1505 of the Civil Code. There must be an actual offer. (Civ. Code, sec. 1487.) It must be made to the person to whom performance is due, if an agent has not been appointed, and if he is not at the place fixed for performance, wherever he may be found. (Civ. Code, secs. 1488, 1489.) It must be made in good faith. (Civ. Code, sec. 1493.) It is only when these requirements have been fulfilled that actual production of the thing to be delivered is excused. The appellant failed to meet these requirements, and he never became entitled to resell the lambs he had already sold to the respondent, nor to retain the $250 paid on account, and which he testified he intended to keep. The evidence was sufficient to support the findings, and they in turn support the judgment.

The reason why the respondent did not go to Helm appears from the evidence to which objection was made. The respondent testified that on May 24th the appellant visited the respondent in his office in Fresno and said that the 26th would be Sunday and they could count the lambs on another day. The respondent replied that with stock Sunday or Monday was just the same, but that the appellant could bring them any time on Monday, Tuesday or Wednesday to the respondent's main corrals. The appellant testified that he had a conversation with the respondent at the time stated, and that "I saw the contract dated on Sunday, so I went on the 24th and asked him if he was going to take the lambs out on Sunday, and he

said: "Didn't you ever work on Sunday?" That was all that was said about it." The trial court probably believed the evidence given by the respondent upon this subject. The essential conditions of the contract of sale were the delivery of the lambs and the coincident payment of the balance of the purchase price. Neither the time nor the exact place of delivery was of the essence of the contract. [2] Regardless of the rule requiring modifications of written contracts to be evidenced by writing, one party to a contract may not on the pretense of desire on his part to depart from the exact performance of a nonessential detail induce the other party to believe that delivery of goods sold will not be made either at the time or place specified in the contract, and then take advantage of the other's reliance upon his representations. To apply section 1698 of the Civil Code to such a state of facts would be to make it an engine for the perpetration of fraud instead of a defense against it. [3] If, even under the most technical application of the section, the trial court was in error in admitting the evidence to which objection was made, there remains in the record sufficient evidence to support the findings, and there does not appear to have been any miscarriage of justice. The case is peculiarly within the constitutional restriction on the power of appellate courts to reverse judgments for error in the admission of evidence, unless the court is of the opinion that there has been such a miscarriage. Upon the entire record that is not the opinion of the court.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.