[Civ. No. 3535.  Third Appellate District.—August 30, 1928.]

G. B. KELLOGG, Respondent, v. THOMAS T. SNELL, Appellant.

718

Harry L. Person and Geo. D. Rodgers for Appellant.

Clyde C. Shoemaker for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment for damages for failure to repurchase fifty shares of bank stock pursuant to contract. The appeal was perfected under the provisions of section 953a of the Code of Civil Procedure, on the ground that the findings are not supported by the evidence. No evidence or proceedings are printed in appellant's brief.

Upon trial the court found the following facts: That the appellant was president of the board of directors of the Hollywood State Bank at Los Angeles, and that he owned fifty shares of the capital stock of said bank, of the book value of $112.50 per share; August 21, 1924, appellant sold his entire block of stock to respondent for $200 per share, with an agreement in consideration thereof that respondent was to be immediately employed by said bank as cashier and manager at a salary of $250 per month. The written agreement of the parties which accompanied this sale of stock included the following provisions: " . . . It is . . . agreed by the parties hereto that the second party (respondent) is to accept a position with said bank *under conditions otherwise agreed upon*, and that this contract of purchase is made with the express understanding that in the event either party is dissatisfied, or for any reason is desirous of severing the connection of the second party with the bank, he may, prior to March 1, 1925, by written notice, demand the repurchase and delivery of said fifty shares of stock at the price now being paid, namely $10,000, and both parties hereby agree that upon such demand by either party, payment for the stock and delivery will be made forthwith,

provided however that if the demand is made by the second party, the first party may have sixty days in which to complete the purchase, during which time the second party will remain with the bank." Pursuant to the provisions of said contract to the effect that respondent would accept a position in said bank "under conditions otherwise agreed upon," it was orally stipulated that respondent was to be immediately employed by said bank as cashier and manager at a salary of $250 per month. Immediately upon consummation of this sale, appellant resigned as director and president of said corporation bank and severed his connections therewith. After the stock had been purchased and paid for by respondent, the bank declined to employ him as cashier or manager, but passed a resolution hiring him as a teller only at a salary of but $150 per month. Respondent protested against this action, but appellant persuaded him to accept the position as teller temporarily, promising to promptly secure his appointment as cashier and manager, and to have his salary increased to $250 per month, or himself pay the difference between this sum and the salary actually allowed. With this promise the respondent performed the duties of teller for the period of about a month, frequently interviewing the appellant and demanding that he fulfill his contract. Becoming hopeless of securing the salary or position promised, the respondent told appellant that he intended to resign, and thereupon demanded the repurchase of the fifty shares of bank stock pursuant to contract. The appellant then agreed to immediately arrange to repurchase the stock and expressly waived the covenant on the part of respondent to remain with the bank for the period of sixty days. The respondent resigned his position as teller on October 15, 1924, and five days later served appellant with written notice to fulfill his contract and repurchase the stock, which he failed and refused to do. After due notice respondent sold said bank stock at public auction pursuant to sections 3049 and 3311 of the Civil Code, on December 31, 1924, for the net sum of $5,750, leaving a balance of $4,250 loss incurred by respondent on the purchase price of said stock. The court found that respondent had sustained damages in said sum of $4,250 on account of appellant's breach of contract, together with the further sum of $1,250 damages proxi-

mately caused by his failure to procure respondent's employment in the bank as cashier and manager at a salary of $250 per month, and rendered judgment accordingly.

The appellant contends that (1) the evidence fails to support the judgment, (2) the written contract is presumed to have included all the conditions of the transaction, and that the verbal agreement to secure respondent's employment in the bank as cashier and manager at a salary of $250 per month was without consideration and void, and (3) there is no evidence to support the judgment for the sum of $1,250 damages in addition to the loss sustained by respondent upon the public resale of the bank stock.

■ While there is a conflict of evidence, particularly with respect to the alleged oral agreement to procure the employment of respondent in the bank as cashier and manager at a salary of $250 per month, there appears to be ample testimony to support the judgment in every particular. Appellant's contention that the findings and judgment are not supported by the evidence is without merit. No rule on appeal is better established than that a judgment will not be reversed for a mere conflict of evidence. (2 Cal. Jur. 921, sec. 543.)

■ Evidence of the oral agreement contemporaneous with the written contract respecting the employment of respondent as a cashier and manager of the bank at a salary of $250 per month was competent. The written contract itself specifically contemplates an agreement for this employment upon terms not included within this written document, for it is therein specified that respondent would "accept a position with said bank under conditions *otherwise agreed upon.*" ■ Parol evidence of terms or conditions is competent which does not vary or conflict with the specific provisions of a written instrument, particularly when it is evident from the language of the written document that a distinct contemporaneous agreement is relied upon by the parties. (Jones on Evidence, 3d ed., 668, secs. 439, 440; *Greathouse* v. *Daleno,* 57 Cal. App. 187 [206 Pac. 1019]; *Wolters* v. *King,* 119 Cal. 172 [51 Pac. 35]; *Whittier* v. *Home Savings Bank,* 161 Cal. 311, 317 [119 Pac. 92].)

The appellant expressly waived his right to require the respondent to remain in the employment of the bank for sixty days as provided by the written contract. The conditions of a written contract may be orally waived by the party in whose behalf they were adopted. (6 Cal. Jur. 402, sec. 239; *California Raisin Growers* v. *Abbott*, 160 Cal. 601 [117 Pac. 767]; *Hulen* v. *Stuart*, 191 Cal. 562, 569 [217 Pac. 750]; *Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773, 780 [186 Pac. 356].) Having advised or consented to respondent's resignation as teller of the bank, the appellant may not ·take advantage of respondent's failure to comply with the written contract to remain with the bank for a period of sixty days. The appellant is estopped by his conduct. (*Bidegaray* v. *Ormaca*, 48 Cal. App. 665 [192 Pac. 176]; *Hulen* v. *Stuart, supra.*) Nor may the appellant urge a lack of consideration, for his waiver of the written requirement to remain with the bank for the period of sixty days, under such circumstances. (*Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57 [73 Pac. 740].)

The record on appeal in the present case is unique in this regard, that while appellant relies almost exclusively upon a conflict of evidence to secure a reversal, he has scarcely quoted a sentence of the testimony in his brief, nor has he cited a single authority. The burden of his brief is confined to an argument to show that the weight of evidence was favorable to his defense. It is chiefly claimed that the evidence does not support a finding to the effect that appellant verbally promised to procure employment in the bank for respondent as cashier and manager at $250 per month, and that the evidence fails to support the item for damages amounting to $1,250 for failure to comply with said agreement. The appeal was perfected pursuant to section 953a of the Code of Civil Procedure. The transcript consists of over two hundred typewritten pages, yet no portion of the evidence or proceedings is printed in appellant's brief. The appellate court has been left to wrestle with the record to determine whether there is substantial evidence to support the judgment. In *Eddy* v. *Stowe*, 43 Cal. App. 789, 792 [185 Pac. 1024, 1025], it is said: "It is not a compliance with the procedure governing appeals under the so-called alternative method, for an appellant to print in his opening brief, or in the sup-

plement thereto, only the testimony in the case favorable to his contentions. All the evidence material to the point made on appeal should be presented in order that the court may consider its weight and sufficiency, and any conflict presented therein. Unless the record is thus prepared, the court cannot intelligently pass upon the appeal on its merits without imposing on counsel ·a further presentation of the record, or assuming the vexatious burden of examining the typewritten transcript.'' (2 Cal. Jur. 645; *Scott* v. *Hollywood Park Co.*, 176 Cal. 680 [169 Pac. 379]; *McLaren* v. *Hards*, 39 Cal. App. 104 [178 Pac. 332]; *Jones* v. *Express Publishing Co.*, 87 Cal. App. 246 [262 Pac. 78].) Where the brief of appellant utterly fails to print any evidence in support of the points relied upon for a reversal, and the respondent's brief sets out substantial evidence to support the judgment and findings, the judgment will be affirmed without resorting to the arduous task .of examining the typewritten record to ascertain whether appellant's contentions are founded upon merit.

The judgment is therefore affirmed.

Plummer, J., and Finch, P. J., concurred.