[Civ. No. 3503.   Third Appellate District.—December 10, 1928.]

G. F. SCHMIDT, Appellant, v. W. H. CAIN, etc., Respondent.

Ward Chapman and L. M. Chapman for Appellant.

Spencer & Dennis for Respondent.

PRESTON (H. L.), J., *pro tem.*—The plaintiff, G. F. Schmidt, brought this action to recover from defendant, W. H. Cain, the sum of $4,892.40, the purchase price of an article known as "No. 10 Glazed Back Walls," used in the manufacture of gas heaters, alleged to have been sold and delivered to defendant.

The case was tried by the court sitting without a jury, and judgment was entered in favor of the defendant. From this judgment plaintiff prosecutes this appeal.

The amended complaint is in three counts. The first count alleges the making of a contract on May 11, 1922; the delivery of the "glazed back walls" by plaintiff to defendant and the acceptance thereof; the demand for payment, and the refusal of the defendant to pay. The second cause of action is based upon a common count for goods sold and delivered. The third cause of action is based upon an account stated.

The answer denies that a written contract was made; denies that the defendant accepted any of said back walls, but admits that 456 back walls were delivered by plaintiff to defendant between the twentieth day of October, 1922, and the first day of January, 1923. The answer likewise denies the allegations of the second and third causes of action, and then alleges, as a separate defense, that the plaintiff and defendant on or about the eleventh day of May, 1922, entered into a contract, whereby the plaintiff agreed to manufacture for defendant, back walls for use by defendant as component parts of the gas heaters manufactured by defendant; that at the time said agreement was made, plaintiff expressly guaranteed that said back walls would not, when used for the purpose for which they were manufactured, break or crack, and would be satisfactory in

every way; that the back walls delivered under said agreement failed to perform the functions or serve the purpose for which they were manufactured, and that, when tested by defendant, broke and cracked; that thereafter defendant informed plaintiff that the back walls so manufactured did not perform the purposes for which they were manufactured and were unfit for use, and that defendant offered to return all of said back walls to plaintiff, and that plaintiff refused to accept the same. Said answer further contained an offer to return the same to plaintiff.

Under the issues thus joined and the evidence offered by both sides the court found the facts to be substantially as alleged by defendant, and rendered judgment accordingly.

█ Appellant first contends that the court erred in admitting oral testimony as to the alleged warranty made by him.

Appellant offered in evidence the following letter, which he claims constitutes the written contract between the parties:

"Los Angeles, Calif., May 11, 1922.

"W. H. Cain Gas Radiator Company,

"5217 Moneta Ave.,

"Los Angeles, Calif.

"Gentlemen:

"In accordance with my verbal understanding I had with you at your office on May 11th, I have entered your order for 500—No. 10 glazed back walls as per model left with you to be made in two colors from our brown and mottled green at a price of $10.00 apiece, f. o. b. my factory, Chicago, Ill. Crating to be done in most practical way and to be charged extra for same.

"Further 6,000 No. 3 radiants at 15c apiece to be packed in boxes of eleven (11).

"It is understood and agreed that as long as you buy from me annually at least 500 of said backs and 6,000 radiants, you will have the sole

backs and bases now w—ed below

right for selling these goods in the State of California. I have further used in connection with said backwall to be forwarded to you as quickly as possible for my pattern maker in Chicago—at a price of $275.00.

"Shipments of the back walls to be made within the next 90 days—the radiants to come forward with the pending shipment.

"Terms as usual—unless otherwise specified.

"Please return the enclosed copy with your signature for my records.

"Yours truly,
"G. F. Schmidt.

"Accepted:
"W. H. Cain Gas Radiator Co.
"W. H. Cain.
"May 16/22."

Respondent was permitted, by way of defense, to introduce parol testimony of the terms and conditions of a "verbal understanding" between appellant and himself. This testimony was to the effect that appellant had guaranteed that the back walls were to be manufactured and delivered *would not crack or break, would in all respects be fit for the purposes for which they were manufactured, and would be satisfactory to defendant in all particulars, etc.;* or, in other words, appellant warranted the back walls against cracking or breaking. Testimony was also introduced to the effect that said back walls did crack and break and were unfit for the purposes for which they were manufactured.

We think that all this testimony was properly admitted.

In the writing itself, which appellant relies upon as containing all the terms of the agreement between the parties, their prior "verbal understanding" is specifically referred to. This language certainly indicates that there was another or additional understanding or agreement than that expressed in the writing between the parties, and the court had a right to know what that understanding or agreement was.

Appellant strenuously insists that the written instrument is a complete expression of the whole agreement and that it contains no warranty that the back walls would not crack or break and, therefore, no such warranty could be established by parol evidence.

The law is, of course, well established that where a contract of the character here involved is reduced to writing, and upon its face purports to be a complete expression of the whole contract between the parties, and contains

no warranty, no such provisions may be added by parol evidence. (*Hogan* v. *Anthony,* 52 Cal. App. 168 [198 Pac. 47]; *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792]; *American Steel Pipe Co.* v. *Hubbard,* 42 Cal. App. 520 [183 Pac. 830]; *United Iron Works* v. *Outer H. etc. Co.,* 168 Cal. 81 [141 Pac. 917].)

The law, however, is equally well settled that parol evidence of the terms and conditions of a contemporaneous oral agreement is competent and admissible, *which does not vary or conflict with the specific provisions of the written instrument.* (*Torrey* v. *Shea,* 29 Cal. App. 313 [155 Pac. 820]; *Peterson* v. *Wagner,* 52 Cal. App. 1 [198 Pac. 25]; *Greathouse* v. *Daleno,* 57 Cal. App. 187 [206 Pac. 1019]; *Wolters* v. *King,* 119 Cal. 172 [51 Pac. 35]; *Whittier* v. *Home Sav. Bank,* 161 Cal. 311 [119 Pac. 92]; Jones on Evidence, 3d ed., 668, secs. 439, 440; *Kellogg* v. *Snell,* 93 Cal. App. 717 [270 Pac. 232].)

The testimony in question is not in conflict with any of the provisions of the writing. *The writing is entirely silent on the question of a warranty, but refers to a "verbal understanding,"* as a contemporaneous agreement upon which they rely. Therefore, the rule contended for by appellant has no application here, because there was a collateral contemporaneous oral agreement containing terms and conditions, upon which the written instrument is entirely silent.

■ Appellant also contends that the court erred in admitting parol evidence as to the meaning of the expression "Terms as usual—unless otherwise specified." There is no merit in this contention. No one could tell by reading the contract what the parties intended by this language. In such cases parol evidence is admissible for the purpose of ascertaining the real intention of the parties. (*United Iron Works* v. *Outer H. etc. Co., supra.*)

■ Appellant next contends that the conduct of the respondent after delivery of the goods was such as to constitute an acceptance and a waiver by him of any defense as to the quality thereof. There is sufficient evidence in the record to sustain this contention, but the court made a finding contrary thereto. The court undoubtedly accepted the testimony of respondent as being a correct statement of the entire transaction, and his testimony amply supports the court's finding on this point. ■ The findings of the trial

court upon conflicting evidence are conclusive, and all reasonable inferences are to be indulged in support thereof. (*Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Wilbur* v. *Wilbur*, 197 Cal. 1 [239 Pac. 332].)

Appellant further contends that certain other findings are not supported by the evidence. We have examined the entire record, including all the evidence, with care and we are of the opinion that all the findings are supported by substantial evidence. This being true, we cannot interfere with the conclusions reached by the trial court, even though we might be of the opinion that the greater weight of the evidence supports a contrary conclusion.

Lastly, appellant contends that the trial court failed to find upon two material issues raised by the pleadings.

There does not appear to be any specific finding that respondent rejected the back walls or that he offered to return them to appellant. However, we are at a loss to see how the court's failure to make these two specific findings can avail appellant anything, for the evidence is uncontradicted that respondent offered to return the back walls to appellant and that appellant stated that he would not accept them if returned. Therefore, if specific findings had been made, the same would undoubtedly have been adverse to appellant. Under such circumstances, failure to find specifically upon these two issues is not ground for reversal. (*Koblick* v. *Larsen*, 57 Cal. App. 462 [207 Pac. 929].)

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.