(No. 5522. July 7, 1930.)

FRANK L. WEIGLE, Respondent, v. PAUL SALMINO, Appellant.

[290 Pac. 552.]

Carlton Fox and Lester S. Harrison, for Appellant.

W. B. McFarland and N. D. Wernette, for Respondent.

LEE, J.—Plaintiff and respondent, Frank L. Weigle, brought this action against defendant and appellant, Paul Salmino, to quiet title to seven unpatented mining claims situate in Yreka mining district, Shoshone county, to wit: the Mountain View, Enterprise, Silver Star, Crescent, Crown Jewel, Tungsten and Pershing, to the possession of which as alleged owner he claimed himself entitled. He also prayed that Salmino be ousted and perpetually restrained from further trespassing. The position of the claims is indicated by the following plat:

Defendant-appellant answered, countering all the material allegations of the complaint except that of defendant's possession, and filed a cross-complaint charging that prior to December 3, 1922, Sarah M. Weigle, mother of respondent-plaintiff, was the owner, in possession and entitled to the possession of the Mountain View, Enterprise, Silver Star, Golden Gate, Crescent, Eclipse and Crown Jewel mining claims in said district, comprising a group known as the Mountain View group of lode mining claims; that pursuant to a judgment of the district court in favor of appellant and another, and against said Sarah M. Weigle, the sheriff of Shoshone county on December 3, 1922, sold

all the right, title and interest of the said Sarah M. Weigle in and to the Mountain View, Silver Star, Golden Gate and Eclipse claims to appellant and delivered him a certificate of sale therefor, which was duly filed for record in the office of county recorder of Shoshone county; that, no redemption having been made within the time by law prescribed, the sheriff duly executed and delivered his deed to appellant for the claims aforesaid; that Sarah M. Weigle had expended upon such claims respectively at least $100 worth of work for the years ending July 1, 1922 and 1923, and that, ever since, appellant had been in possession of said claims and having done at least $100 worth of work upon or for the benefit of each of them was the owner thereof, and entitled to the possession thereof. He further plead that respondent-plaintiff having failed to do the required amount of assessment work upon the Enterprise, Crescent and Crown Jewel claims for the year ending July 1, 1925, and the same having reverted to the public domain, appellant on August 11, 12 and 13, 1925, duly relocated said claims under their original names and with practically the same boundaries; that he perfected his locations and ever since had been in possession of such claims as owner, doing the necessary, annual assessment work thereon or therefor, and so entitled to possession.

Attacking respondent's locations of the Pershing and Tungsten claims, appellant plead that "the said Sarah M. Weigle entered into a conspiracy with the plaintiff for the purpose of cheating and defrauding the defendant of the benefit of the said judgment and sale and of the said lode mining claims; and in pursuance of the said conspiracy and in furtherance thereof it was agreed between the said Sarah M. Weigle and the plaintiff that the said Sarah M. Weigle should give to the plaintiff a deed to the said mining claims and that said plaintiff should pretend that no work or labor had been performed thereon as required by law, or at all, for the years ending July 1st, 1922 and 1923, respectively, and that plaintiff should locate in his own name, but actually for the use and benefit of the said Sarah

M. Weigle, a claim over and upon the ground covered by the said Golden Gate lode mining claim, and one over and upon the ground covered by the said Eclipse lode mining claim and in pursuance and furtherance of the said conspiracy, and for the purpose of carrying the same into effect, the said plaintiff did, on, to-wit, the 15th day of April, 1923, pretend to locate a lode mining claim over and upon the said Golden Gate lode mining claim, and called the same the Pershing lode mining claim, and another over and upon the said Eclipse lode mining claim, and called the same the Tungsten lode mining claim; and thereafter, and on, to-wit, the 14th day of July, 1923, plaintiff filed for record in the office of the County Recorder of Shoshone County, Idaho, a pretended notice of location of each of said claims. That, however, the said pretended locations, and each of them, are null and void and of no force and effect, for the reason that the same were not located upon the unappropriated mineral lands of the United States, but over, across and upon the said valid and subsisting mining locations of the plaintiff, to-wit, the said Golden Gate and Eclipse lode mining claims, respectively.''

And he concluded by alleging that ''if in truth and in fact said annual work and labor, required by law to be performed upon said claims, was not actually done by the said Sarah M. Weigle upon said claims for the years ending July 1st, 1922 and 1923, respectively, such failure and neglect was the result of and a part and parcel of the said conspiracy; that said Sarah M. Weigle, however, pretended to do said work and had a crew of men upon the said claims ostensibly for the purpose of doing said work, intending thereby to lead the defendant to believe that said work was being done prior to the time that her period of redemption from said sale expired, intending thereby to lead the defendant to believe that it was unnecessary for him to do any work upon the said claims prior thereto, or for the years ending July 1st, 1922 and 1923, respectively; and the defendant, knowing that the said crew was working upon the said claims, did believe that the said Sarah M.

Weigle was doing the said work and intended to redeem from said sale, and that it was not necessary for him to do said work; but that, nevertheless, he actually resumed work and labor upon the said claims prior to the pretended relocation thereof by the plaintiff as aforesaid.''

Appellant prayed that his title to said claims be quieted and respondent perpetually restrained from asserting any right thereto.

Answering the cross-complaint, Sarah M. Weigle, at that time guardian of plaintiff and respondent, Frank Weigle, denied in the main its affirmative allegations and averred that the sale of the claims alleged to have been made on December 3, 1922, was in fact made on December 3, 1921, and that respondent's locations of the Tungsten and Pershing claims were valid locations, and not ''located on the territory or in the manner set forth'' by appellant. There was a flat denial that the Mountain View, Silver Star, Golden Gate, Crescent, Eclipse and Crown Jewel claims comprised a single group or were known as the Mountain View group of lode mining claims.

The court found that by sheriff's sale December 3, 1921, and her subsequent failure to redeem Sarah M. Weigle had lost all title to the Mountain View, Silver Star, Golden Gate and Eclipse claims, but that she had good title to the Enterprise, Crescent and Crown Jewel claims, which on August 29, 1923, she had conveyed to respondent; that appellant in the year 1922, in attempting to do the annual assessment work on the Mountain View, Silver Star, Golden Gate and Eclipse claims, did all of the work on the Crescent to which he had no color of title whatever, believing it to be one of the claims he had theretofore purchased at execution sale; that thereafter all of said four claims were subject to relocation after July 1, 1922; that some days prior to April 15, 1923, appellant went upon the Golden Gate claim to do assessment work thereon and also for the benefit of the contiguous Silver·Star claim; that he actually did commence work within said Golden Gate but failed to do sufficient work to hold it; that on April 15, 1923, re-

·spondent made a valid location of the ground which had formerly comprised the Golden Gate, naming the same the Tungsten, and that he also attempted to relocate the Eclipse under the name Pershing but failed to make a good and valid location; that for the years ending July 1, 1924, 1925 and 1926 respondent, in compliance with law, did the necessary assessment work upon the said Tungsten, Silver Star, Enterprise, Mountain View, Crescent, Crown Jewel and Pershing claims, and duly filed his proofs of labor therefor; that appellant filed proofs of assessment work on the Mountain View, Silver Star, Golden Gate and Eclipse for the years 1922–23 and also similar proofs for these four claims and for the Crescent, Crown Jewel and Enterprise for the years 1924 and 1925. But the court found that appellant's attempted relocations of the Enterprise, Crescent and Crown Jewel in 1925 were invalid.

From these findings, the court concluded that respondent was the owner of, and entitled to the exclusive possession of, the Enterprise, Crown Jewel, Crescent and Tungsten claims, and appellant the owner of, and entitled to the exclusive possession of, the Mountain View, Silver Star and Eclipse. Title was quieted in the respective parties and each enjoined from further interference with each other's claims. Salmino appealed from that part of the ensuing judgment awarding respondent the four claims above mentioned. In view of the evidence adduced, conflicting as most of it is, few of the errors assigned are meritorious. Respondent's claim to the Tungsten is based upon his relocation of the Golden Gate, following appellant's alleged failure to do the assessment work for the year ending July 1, 1922. During that year all of appellant's work, $400 worth, was actually done upon the contiguous Crescent then and there the property of Sarah M. Weigle. Appellant contends he mistakenly did this work upon the Crescent because of misrepresentation by Mrs. Weigle, who in conjunction with respondent entered into a conspiracy to defeat appellant's title to the four claims aforesaid. As this was a material issue raised by the plead-

ings, upon which no finding was made by the trial court, appellant insists upon a reversal, invoking the well-known rule so often announced by this court. That rule has well-defined exceptions, two of which are that, notwithstanding the absence of such finding, a judgment otherwise valid will not be reversed when no evidence supporting the issue has been introduced or no resultant injury could befall the party urging it. (*Schmidt v. Cain*, 95 Cal. App. 378, 272 Pac. 803; *Cutting Fruit Packing Co. v. Canty*, 141 Cal. 692, 75 Pac. 564; *Vinyard v. North Side Canal Co.*, 47 Ida. 272, 274 Pac. 1069; 38 Cyc. 1955, note 21; *Rinkenberger v. Rinkenberger*, 99 Cal. App. 45, 277 Pac. 1096; *Platt v. Okamoto*, 95 Cal. App. 297, 272 Pac. 613.) There is no word in the record indicating that either Mrs. Weigle or the respondent ever by tacit means or otherwise encouraged appellant to project upon the Crescent instead of some one of the claims he bought at the sheriff's sale. He was a bare trespasser having no right upon the claim at all. Those accused of fraud owed him no duty whatever. A judgment debtor is under no obligation to the execution creditor to go about with a lantern, pointing out boundaries, either before sale or after. Appellant testified that he did the work upon the Crescent for the reason that he did not know that "the Crescent was not bought: when I bought from her she only told me she had four claims. I thought it was the same four claims she sold me." Search the record as we will, we can find no privity between "her" as grantor and appellant as grantee, merely an execution sale *in invitum*, with the creditor ignorant of what he had purchased and blundered around on the enemy's ground.

Appellant complains that the court refused his offer to prove that he did the work on the Crescent "under the misrepresentation of Mrs. Weigle, under the misapprehension that the work was done on four adjoining claims." No concrete fact having been proffered to substantiate or warrant such alleged misrepresentation or misapprehension, the offer was properly refused. Furthermore, the misrepresentation consisted of alleged conversations with Mrs.

Weigle had in 1920 when appellant was in her employ and long before he had initiated any right whatever in the four claims later purchased by him at sheriff's sale. The assumption that Mrs. Weigle or respondent was doing the required work was a luxury appellant indulged in at his own peril. He also complains that Mrs. Weigle "permitted him to go upon the claim to do the assessment work." In other words, she should have met him with a two by four and kept him off her own ground. If appellant did not know where he was working, it was his own fault. All the location notices were of record: he had had to follow them in order to secure his judgment, and he had his eyes wide open when he went upon the Crescent; he did so at his own volition and not at the instance of Mrs. Weigle or respondent, nor under any agreement express or implied. There is no fraud in the case.

Either the locations were made by the contending parties, and the requisite amount of assessment work done, or they were not. The court found, and properly, that appellant's work as a trespasser on the Crescent in 1922 did not serve as assessment work on the Golden Gate. It appears that after beginning the work upon the Golden Gate in 1923 he went away and instituted operations on the Eclipse not contiguous but separated therefrom by the full width of the intervening Crescent. No proof was submitted that the work on the Eclipse would have benefited the Golden Gate; and appellant's only chance to hold the Golden Gate was to resume work thereon before respondent initiated his location of it as the Tungsten on April 15, 1923. But, as before stated, the court found that he did not do the required amount of work, and that the Tungsten location was a valid one.

Appellant insists that the evidence is insufficient to show that respondent made a valid discovery on the Tungsten or monumented it within the statutory time. On both these points, there was a substantial conflict in the evidence, and the findings will not be disturbed. In passing, it may be observed that under C. S., sec. 5526, a relocator may adopt

the original discovery, provided he drives ten feet farther the old shaft or tunnel. From the evidence, the court may have in fact so found, since it declared the location valid. A careful study of the record fails to disclose any vital error or insufficiency of the evidence.

Judgment affirmed. Costs to be equally divided between the parties.

Givens, C. J., and Budge, Varian and McNaughton, JJ., concur.