(No. 5390. July 25, 1930.)

BEN H. SMITH, Appellant, and ELLSWORTH BU-CHANAN, Plaintiff, v. W. R. BOYDEN, PAUL G. SAVIC and UNITED MERCURY MINES COMPANY, a Corporation, Respondents, and H. HOLLAND, Defendant.

[290 Pac. 377.]

Charles F. Reddoch and G. G. Adams, for Respondent Paul G. Savic.

Fisher & Coffin, for Appellant.

Hawley & Worthwine and Barber & Barber, for Respondents.

BRINCK, District Judge.—In 1923 the defendant Boyden made a contract with the defendant United Mercury Mines Company, whereby he agreed to construct and install, upon mining property of the company in Valley county, a mercury ore reduction plant for the agreed compensation of $40,000, $15,000 to be paid in stock of the company, and $25,000 to be paid out of fifty per cent of the proceeds of mercury produced by the plant. The plant was constructed after a fashion, but failed to operate successfully and never produced any mercury. The company refused to pay for it, and Boyden and his assignees brought suit against the company for the contract price. In that suit a judgment for the mining company was affirmed on appeal to this court. (*Boyden v. United Mercury Mines Co.*, 46 Ida. 303, 267 Pac. 830.) The statement of facts contained in the decision of that case may be referred to for a history of the transaction.

Boyden's contract with the company provided that he should employ Ben H. Smith, the present plaintiff, who was the inventor and owner of the patented process under which the plant was to be constructed, to superintend the building of the plant. Boyden and Smith thereupon made a contract under which Smith was to superintend the construction of the plant, and for his services, together with the right to use the patented process, was to receive as compensation from Boyden $5,000 when and as received by Boyden from the first proceeds of the plant paid to Boyden under his contract with the company, and was to receive also certain royalties. This contract referred to Boyden's contract with the company, and recited that Smith

fully understood that contract; and Smith had in fact signed a certificate attached to the contract of Boyden with the company, reciting Smith's assignment to Boyden of the right to use the patented process, and defining his own claims to royalties.

In 1924 the construction of the plant was entered upon, Smith furnishing the plans and specifications, superintending the work, and personally doing much of the labor upon it; but on August 30, 1924, the work not yet being fully completed, Smith abandoned the work and left the premises. On September 11, 1924, he and Boyden made a new written contract providing that for the exclusive use of the patent in Valley county, and as settlement for the installation of the plant which had been done, Smith should receive certain stock of the mining company and royalties and the sum of $4,500, which sum was to be paid direct by the company to Smith from the proceeds from fifty per cent of the first net proceeds secured by the company from the sale of mercury reduced by the plant installed by Smith; and to carry out this agreement for payment, Boyden gave to plaintiff an order upon the mining company.

In July, 1925, plaintiff returned to the mine, did some further work on the plant, and later attempted to operate it and did operate it for a few hours. The failure of this operation, and the partial destruction of the plant resulting therefrom, are described in the decision in the former case. Plaintiff thereupon again abandoned the work and left the premises. He thereafter filed a claim of lien on the mine property for $5,000 provided under his original contract, and $3,000 extra labor and services, to foreclose which lien this action is brought. From a judgment for defendants, plaintiff appeals.

Plaintiff's claim rests in part upon an allegation of a further oral agreement between him and Boyden after the contract of September 11, 1924, which the court found was not made. Alleged errors in this and other findings of fact are the basis of most of appellant's assignments of

error. All of these findings are based upon conflicting evidence, have substantial support in the record, and therefore they will not be disturbed.

Respondent urges that the claim of lien was not filed in the time limited by the statute; that the claim of lien includes lienable and nonlienable items, incapable of separate determination; that it contains fraudulent overstatement of the amount due; and that the debt to plaintiff was dependent upon a contingency which never materialized. A consideration of the last of these propositions renders an examination of the others unnecessary.

The process was new and untried, and was in fact an experiment; if it succeeded the compensation for its installation, together with the royalties provided by the contracts and the enhanced value of the patent rights, promised large reward to the plaintiff and Boyden; if it failed, defendant would be in nowise benefited by the construction. Under all the circumstances surrounding the parties, the provision of the contracts that payment was to be made out of the proceeds of mercury produced by the plant, was clearly intended to be a condition going to the existence of any debt from the company to Boyden, or from either of them to Smith, and not merely a provision affecting the time of payment of an existing debt. (13 C. J., p. 631; *Carrick v. Sturtevant*, 28 Ariz. 5, 234 Pac. 1080; *Frank v. Butte & Boulder Mining & Lumber Co.*, 48 Mont. 83, 135 Pac. 904.) The appellant does not contend that the contract should be otherwise construed. His only argument on this point is that the defendants are in equity estopped to set up the defense that the payment of his compensation was subject to such condition. He bases his argument upon the theory that the failure of the plant was the fault of Boyden, the original contractor; that under the lien statute, C. S., sec. 7339, Boyden was agent of the company to employ plaintiff, and that Boyden's default is therefore attributable to the company; and that, as between Smith and the company, the loss must fall upon

the company whose misplaced confidence in Boyden was the cause of the loss. There is no equity in this argument. Boyden bought the materials, and according to plaintiff's testimony selected them but plaintiff made no protest concerning materials; the design was plaintiff's; the plans and specifications were his; the supervision and workmanship were his. The trial court, on amply sufficient evidence, found that the plant was faulty in design, was negligently constructed, was not constructed in a good and workmanlike manner, was thrown together in a haphazard manner, and that plaintiff, in his attempt to operate the plant, destroyed it and rendered it useless. For these things, plaintiff is responsible.

The judgment of the trial court is affirmed, with costs to respondents.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.

Varian, J., being disqualified, did not participate.