(No. 5565. April 16, 1931.)

CARL G. PETERSON, Sometimes Signed CARL PETERSON, an Insane and Incompetent Person, by and Through His Duly Appointed Guardian Ad Litem, P. C. O'MALLEY, Appellant, v. CHARLES M. BELL, as Principal, and THE UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, as Surety, Respondents.

[298 Pac. 379.]

P. C. O'Malley, for Appellant.

B. A. McDevitt and Peterson, Baum & Clark, for Respondents.

McNAUGHTON, J.—On the thirteenth day of July, 1920, Carl Peterson was adjudged insane. On the ninth day of August, 1920, the defendant Bell was appointed by the probate court guardian of the estate of the said Carl Peterson. The estate consisted of two improved lots in the Village of Lava Hot Springs: a pool-hall and barber-shop, appraised at $4,500, and a confectionery store appraised at $3,500, and a small amount of personal property. The real property was subject to a mortgage for $1200. In entering upon the discharge of his duties as guardian, Bell gave and filed a surety bond executed by the defendant United

States Fidelity & Guaranty Co., in the sum of $3,000 and conditioned for the faithful discharge of his duties as such guardian. The guardian filed two annual accounts, disclosing his acts as such guardian and the condition of the estate. On the thirteenth day of June, 1924, the guardian filed in the probate court his third and final account and asked for discharge as guardian. He gave notice of his final account and petition for discharge as required by C. S., sec. 7753. On the return day a hearing was had upon the final account and petition for discharge. At this hearing the final account was approved by the probate court and the guardian discharged.

This adjudication upon the final account of the guardian and his discharge has not been attacked directly and has not been set aside or vacated.

Nevertheless, on the twenty-seventh day of February, 1929, the guardian *ad litem* of the said Carl Peterson began the action now before us against the guardian and surety company in damages, asking judgment against the defendant Bell in the sum of $6,665.98, and asking judgment for $3,000 against the surety on the bond. The action is not for fraud, deceit or misappropriation of funds, or in any sense a direct attack upon the judgment of the probate court allowing the final account and discharging the guardian. It is an action for damages for negligent mismanagement of the estate whereby it is claimed the estate was largely dissipated and lost, and is in the nature of a collateral attack on the adjudication upon the final account and petition for discharge.

Demurrer was interposed by the defendants. This was overruled. They answered by general denial, and further by setting forth new matter consisting mainly of the proceedings and adjudication in the probate court. The plaintiff moved to strike the answer, which motion was denied. This ruling is specified as error. The answer by general denial put the plaintiff upon his proof as to his allegations and separately set forth defendants' affirmative defense. It is in accord with C. S., sec. 6694, as amended

by chap. 10, Session Laws of 1925, and the motion to strike was properly denied.

The other numerous specifications only constitute complaint against the court's findings on conflicting and undisputed testimony. No errors of law are pointed out by appellant which can be sustained.

Without discussing the point raised by respondents claiming this a collateral attack upon an unimpeached judgment by the probate court, it suffices to say the district court's findings, after hearing upon the merits, are each and all supported by the evidence. The rule is firmly established that where there is reasonable evidence sustaining the findings of the trial court this court will not disturb such findings. (*Smith v. Boyden,* 49 Ida. 638, 290 Pac. 377; *Weigle v. Salmino,* 49 Ida. 522, 290 Pac. 552.)

The judgment is affirmed, with costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.