[Crim. No. 387.   Fourth Appellate District.—August 14, 1939.]

THE PEOPLE, Respondent, v. JOHN CACIOPPO, Appellant.

Harmon C. Brown for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

GRIFFIN, J.—Appellant was charged with the violation of section 337a, subdivision 3 of the Penal Code (bookmaking—taking and receiving a bet on a horse race). After a plea of not guilty was regularly entered the appellant was tried before a jury which returned a verdict of guilty. This appeal is prosecuted from the judgment of conviction and concerns the propriety of the rulings by the court on the evidence during the course of the trial.

On the afternoon of April 8, 1938, a police officer of the Riverside police department made an investigation with reference to a place at 3528 Ninth Street, Riverside, California. The room in question was about 50 feet long and about 15 feet wide, divided in the center with about a seven-foot partition. In the portion closest to the street was a marble machine,

several magazine racks and two showcases containing tobacco and candy. The officer arrived there at about 3 o'clock P. M. He first played two games on the marble machine in the front room. Shortly after he finished the second game on the marble machine, the appellant came into the front part from the back of the establishment. The appellant came up behind one of the showcases in the room and the officer asked him which horse won the first race at Tanforan. The appellant told him the name of the horse and immediately thereafter asked the officer if he wanted to make a bet. The officer told him he did. The appellant then told him to come into the rear room. The appellant and the officer then went into the rear room where the officer placed a $2 bet on a horse to win in the fourth race. He gave the appellant two $1 bills. The appellant put this money in his trouser pocket. Later the officer made a $1 bet on a horse in the fifth race to win. At the time the bet was placed, the appellant wrote down the number of the horse and other markings on a sheet of paper.

It appears that on these sheets there was a space for the number of the horse, the amount bet, and whether the bet was for win, place or show, and the initials or some identification of the bettor. In this case the initials "C.E." were put on the sheet of paper to identify the officer as placing the bet. Objection was made by the appellant to the introduction of this evidence as to the contents of the paper as he observed it. The sheets on which appellant made the above-mentioned notations were on a counter in the back room.

The officer also testified that after the race appellant called him by phone and informed him that he did not win either bet. The officer returned on both Monday and Tuesday and attempted to place another bet but on both occasions the bet was refused. On the last occasion the officer served a warrant of arrest on the appellant.

This constitutes a *résumé* of the evidence on behalf of the prosecution. The only evidence offered on behalf of the appellant was his own testimony in which he admitted practically everything testified to by the officer as to his presence on the premises except the placing and accepting of the bets. At the time appellant was arrested the officer searched the premises for the sheets but failed to find them and searched the appellant but failed to find any of the identified $1 bills.

■ The appellant first objects to the introduction into evidence of a conversation that the officer testified he overheard while in the front room playing at the marble machine. His evidence is as follows: "A. Before the defendant came from the rear of the establishment, from behind the partition, I heard several voices in the rear of the room; I would say probably three or four; I am not sure. One man, I heard him say he wanted to bet a dollar on a race; and I also heard this silver money on the table in the rear of the building. That is all."

Our attention has been called to the beginning of the interrogation when the objection was first made: "Q. (Mr. Ganahl): What kind of a noise did you hear coming from behind the partition? Mr. Brown: I object to the testimony as to what he heard, unless there is a showing that the defendant was present at that time. . . . A. The only noises I heard was conversation; and the noise of money being placed on the table, silver money. Q. (Mr. Ganahl): This conversation you refer to, in general, what did the conversation refer to? Mr. Brown: That is objected to as calling for the conclusion of the witness, and on the further ground it is hearsay."

It will be noticed that the appellant first objected to the testimony "Unless there is a showing that the defendant was present at that time." His final objection was that the testimony called for the conclusion of the witness and that it was hearsay. It was definitely shown after the first objection that the defendant was present in the other room from whence the sounds came. It is obvious that the answer did not state a conclusion of the witness. The witness did not place an interpretation upon the words or sounds. Very clearly it was not hearsay.

■ It is the rule that declarations or statements made in the presence of a party are received in evidence, not as evidence in themselves, but to understand what reply the party to be affected by the statement should make to the same. If he is silent when he ought to have spoken, the presumption of acquiescence arises. In this sense admissions may be implied from conduct. ■ The evidence in question was admissible for this purpose, although the words spoken were not to be taken as establishing the fact in issue (i. e., that appellant accepted a bet or wager on a horse race from the

police officer). Moreover, it cannot be said that the admission of such evidence, under the circumstances related, was so prejudicial as to warrant a reversal. (*People* v. *Estrado*, 49 Cal. 171; *Adkins* v. *Brett*, 184 Cal. 252 [193 Pac. 251]; *Bidegaray* v. *Ormaca*, 48 Cal. App. 665 [192 Pac. 176]; 2 Cal. Jur., sec. 607, p. 1020.) A judgment should not be reversed because of error in the admission of evidence not resulting in a miscarriage of justice.

■ The appellant next objects to the introduction of evidence, as not the best evidence, wherein the officer testified that the number of a horse was written on a piece of paper by appellant, the amount of the bet, whether the bet was to win, place or show, and the initials or some other identification of the bettor. The paper was not offered in evidence nor was it found on the premises of the appellant by the officer. He testified only as to what appeared on the paper at the time he saw it. It appears from the evidence that the original sheet could not have been produced under any circumstances whatsoever, even if demand had been made therefor. It will be recalled that at the time of the arrest of the appellant a few days after the transaction, the establishment was searched but no sheet was found similar to the one concerned in the testimony. The appellant had entered a plea of not guilty. At the time the testimony in question was received, the appellant of course had not yet testified, although he had entered the plea of not guilty. When he testified, however, he denied the transaction in every detail. It cannot be assumed under such circumstances that if demand had been made upon the appellant to produce the writing, that the appellant would have thereupon produced it. The appellant has not questioned the contents of the writing. He denies that such a writing was ever made or ever existed. Obviously, the appellant would not, under such circumstances, be apt to produce the writing. ■ Where the evidence offered, while not of the highest degree or of the most satisfactory kind, is otherwise competent, and is the best which under the circumstances of the case can be produced, and the absence of evidence of a higher degree or of a more conclusive character is not attributable to the fault of the party seeking to prove the fact in controversy, then the requirements of the best-evidence rule are complied with and the evidence is admissible. This is the underlying principle upon which secon-

dary evidence is admitted, where the primary evidence has been lost or destroyed, or is otherwise inaccessible to the party desiring to use it. But the secondary evidence offered must of course be otherwise competent and admissible. (22 Cor. Jur., sec. 1222, p. 976.) The admitted competent evidence is ample, sufficient and adequately convincing to sustain the verdict of the jury.

Judgment affirmed.

Barnard, P. J., and Haines, J., *pro tem.*, concurred.