[Civ. No. 12093.   First Dist., Div. One.·   Aug. 17, 1942.]

J. O. NAVONE, Appellant, v. CLARENCE YOUNG et al., Respondents.

Clarence E. Rust for Appellant.

C. W. Pearson for Respondents.

WARD, J.—This is an appeal from a judgment quieting respondent Hood's title to, and establishing the fraud of appellant in the matter of a contract entered into between the parties to work, a parcel of mining land.

The facts of the case are as follows: F. H. Hood had for many years been the owner of a mining property, in connection with which he had been endeavoring to discover a method by which the minerals contained in the complex ore found thereon could be reduced and recovered. Plaintiff, a mechanic and mine operator, represented to Hood that he had discovered a method of reducing the ore; that he could concentrate it and had done so. After some negotiations the parties entered into a partnership agreement, by the terms of which plaintiff was to furnish specific equipment and erect and operate a mill for the recovery of the minerals, and Hood was to deed him an interest in the land. A plant was partially constructed and some of the specified machinery installed, but the ore concentration was a failure, and plaintiff stated he was through and left the property. Thereafter, upon defendants Young and Morgan attempting to work the property, with Hood's consent, plaintiff, claiming an interest in the real property, filed suit to enjoin waste and trespass and for damage, joining Hood as defendant, he having refused to join in the action. Hood answered and filed a cross-complaint in which he sought to quiet title against the plaintiff; the latter filed an answer thereto claiming an interest in the land. The action was tried substantially as a quiet title suit. Title in respondent Hood was proved and admitted; appellant based his claim of interest in the real property upon the contract above mentioned.

The court decreed the contract to be invalid and void; that it be cancelled and annulled, and that F. H. Hood be de-

clared to be the true and lawful owner of the land described in the complaint and his title quieted against all claims of appellant; that appellant be authorized to remove all personal property placed by him on the land, and that he have judgment against defendants Young and Magee for $75, to cover damage to his equipment caused by their mining operations.

Appellant contends that a finding of fraud as such was outside the issues of the case; that there was no evidence to justify such a finding, and that the court erred in admitting evidence of certain letters antedating the written contract of the parties, as the effect of such evidence was to vary the terms of an unambiguous contract. After the submission of the briefs, on oral argument appellant admitted that the first point was without merit.

Relative to the sufficiency of the evidence to support the finding of fraud on the part of appellant, there is evidence that he had considerable experience with mining machinery and mining operations, and that respondent Hood's experience, if any, was quite limited; that he represented that he "might be able to furnish almost everything in the machinery line"; that he had made a success of his method of reducing ore and could concentrate that on the Hood property. There is also evidence that the above contract was entered into as the result of Hood's confidence in appellant. After the work commenced, appellant sought to excuse and explain his failure to concentrate the ore, but finally abandoned the work.

Appellant contends that the evidence does not show an intention to deceive Hood. A mining engineer of some thirty-seven years' experience testified that most of the machinery installed by appellant was over thirty years old and that it had no value except as junk. A witness who worked with appellant testified: "A. We [appellant and the witness] used to talk about the possibility of getting a title to the property there, whether he had fulfilled his agreement with Mr. Hood and whether he was going to be able to get the property or not, and I remember one time in particular we talked about, used to talk about it a good deal, sometimes talked maybe for an hour or so especially before we went to sleep. After it was all over and we were just about through talking about it he said 'Well, I suppose if somebody was fool enough to give me half of the property for a lot of old

junk, why not take it?'" There is no error in the trial court's refusal to adopt appellant's theory that the whole matter was an honest mistake. The evidence taken as a whole indicates substantially that there was an intent to deceive.

Independent of the question whether or not the evidence shows such intent, appellant claims the court erred in admitting in evidence certain letters antedating the written contract of the parties; that the effect of such evidence was to vary the terms of an unambiguous written instrument. Appellant, in his answer to Hood's cross-complaint, alleges his interest in the land to be an undivided 9,405/20,000; Hood's interest to be a 5,095/20,000, and that a 5,000/20,000 interest has been set aside by the parties "for the further development of said property." When this answer is read in conjunction with appellant's exhibit "Mining Partnership Agreement," there is legal justification for allowing in evidence, as an explanation of the labor and duties to be performed by appellant, the parol testimony and the letters, which do not conflict with the specific provisions of the partnership agreement, but explain its unexpressed terms and conditions (*Kellogg* v. *Snell*, 93 Cal. App. 717 [270 Pac. 232]; *Buckner* v. *A. Leon & Co.*, 204 Cal. 225 [267 Pac. 693]; *McKee* v. *Lynch*, 40 Cal. App. (2d) 216 [104 P. (2d) 675]; *Stockburger* v. *Dolan*, 14 Cal. (2d) 313 [94 P. (2d) 33, 128 A. L. R. 83]), a vital matter to be considered in the final adjudication of the rights of the parties and their respective interests in the land.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.